Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

_____ District of Colorado

_____ Division

Case No. _____
*(to be filled in by the Clerk's Office)*

Manuel Alejandro Camacho
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Deputy Cordova
Deputy Boen
Deputy Dibiasi
Captain Smith
Clear Creek County Sheriff's Office
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**DEC 17 2020**

JEFFREY P. COLWELL
CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Manuel Alejandro Camacho
All other names by which you have been known: Manny Camacho
ID Number: 403197
Current Institution: Weld County Jail
Address: 2110 "O" St.
Greeley, Co.
City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Mr. Cordova
Job or Title (if known): Deputy
Shield Number: ?
Employer: Clear Creek County Jail
Address: 405 Argentine St.
Georgetown, CO 80444
City / State / Zip Code

☒ Individual capacity   ☒ Official capacity

Defendant No. 2
Name: Mr. Buen
Job or Title (if known): Deputy
Shield Number: ?
Employer: Clear Creek County Jail
Address: 405 Argentine St.
Georgetown, CO 80444
City / State / Zip Code

☒ Individual capacity   ☒ Official capacity

Attachment for "The Parties to this Complaint" (1B)

Defendant No. 5   Clear Creek County Sheriffs Office

Job or title:  Jail Institution
Shield Number:  ?
Employer:  State/County Institution
Address:  405 Argentine St.
          Georgetown, CO  80444

Defendant No. 3
    Name: Mr Dibiasi
    Job or Title (if known): Deputy
    Shield Number: ?
    Employer: Clear Creek County Jail
    Address: 405 Argentine St.
    City: Georgetown   State: CO   Zip Code: 80444
    [X] Individual capacity    [X] Official capacity

Defendant No. 4
    Name: Jeff Smith
    Job or Title (if known): Captain
    Shield Number: ?
    Employer: Clear Creek County Jail
    Address: 405 Argentine St.
    City: Georgetown   State: CO   Zip Code: 80444
    [X] Individual capacity    [X] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

  A.    Are you bringing suit against (check all that apply):

       [ ] Federal officials (a *Bivens* claim)

       [X] State or local officials (a § 1983 claim)

  B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Ammendment "The main sources of indivudual protection under the Constitation against physically abusive physical conduct.

  C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

# Attatchment For II D

**Deputy Cordova:** As a Clear Creek County Jail Deputy, Mr Cordova repeatedly assaulted me by repeatedly attempting to place a leg iron onto my left ankle. Mr Cordova attempted to place the leg iron on 5-6 times only to pinch my deformed/swollen left ankle. Deputy Cordova ignored my pleas to grab bigger leg irons. Pinching my left ankle caused pain. He then kneeled on top of me with Deputy Buen and simply watched and ignored my pleas for help as Deputy Dibiasi repeatedly assaulted me by choching, shoving and attempting to pull my arms behind my back when I was handcuffed in my front. Deputy Cordova violated my 8th ammondment prohibition of cruel and unusual punishment.

**Deputy Buen:** As a Clear Creek County Sherriffs office Jail deputy, Mr. Buen assaulted me and used unecessary force in an unprovoked attack. Deputy Buen took me to the ground by my head while I was handcuffed and had a shackle on my right leg. On the concrete floor Deputy Buen placed me into a headlock cutting off my air supply. Deputy Buen then kneeled on me with Deputy Cordova while I was still in restraints. I could not breath. Deputy Buen stayed on top of me as Deputy Dibiasi attempted to pull my arms behind my back. Deputy Buen failed to inform Deputy Dibiasi that I was already restrained in front. All this caused extrem pain, fear, and anxiety. Deputy Buen violated my 8th ammondment prohibition of cruel and unusual punishment.

**Deputy Dibiasi:** As a Clear Creek County Sherriff Jail deputy, Mr. Dibiasi repeatedly assaulted me in an

Pg 1

## Attatchment For II D (cont)

unprovoked attack. Mr Dibiasi's 1st attack was when he tugged at my arms to placed them behind my back when I was already handcuffed in front. Deputies Cordova and Buen knelt on my back preventing Deputy Dibiasi as well. Then Deputy Dibiasi assaulted me twice by choking me with a helmit strap. Deputy Dibiasi attatched a nylon security strap around my ankles cutting off circulation. Deputy Dibiasi shoved me foreward in a security chair while my arms were handcuffed behind my back and attatched to the security chair. All of these assaults caused bruises, scrapes, pain in my left shoulder as well as emotional distress and anxiety. The jail security video and Clear Creek County Sheriff's investigation and medical records will clearly show that deputy Dibiasi violated my 8th ammendment - prohibition of cruel and unusual punishment.

<u>Captain Smith</u>: As a Clear Creek County, Sheriff's Jail administrator (captain), Captain Smith arrived towards the end of the assault only to ignore my pleas/screams for help. Captain Smith watched Deputy Dibiasi as he inflicted unecessary pain by choking and shoving me in the security chair. Captain Smith could have ordered Deputy Dibiasi to stop assaulting me. Captain Smith violated my 8th Ammendment - prohibition of cruel and unusual punishment

Pg 2

Attatchement For II D (cont)

Clear Creek County Sherriff's Office: As a state/local county jail institution the Clear Creek County Sherriff's Office employed improperly trained officer to include: Deputy Cordova, Deputy Buen, Deputy Dibiasi. Due to thier improper training in transportation and de-escalation techniques, the Clear Creek County Sherriffs Office created a hostile enviornment which resulted in me being attacked by officers causing pain and suffering as well as injuries and emotional distress. Therefore, the Clear Creek County Sherriffs Office violated my 8th Ammendment - prohibation of cruel and unusual punishment.

Pg 3

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please see Attachment "II O" (2 pgs).

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Clear Creek County Sheriff's Office (Booking Area)
405 Argentine St.
Georgetown, CO 80444
Date of incident: May 15th, 2017 @ 10:00 am

## Attachment for IV D

Exibit A - Written reports from Deputies Cordova, Buen, and Dibiasi.

Exibit B - Detailed reports of injuries and treatment from Dr. Paris and Nurse Marsha of Clear Creek County Sherriffs office.

Exibit C - Police report where I was interviewed by Lt. Gemillion and Ded. Buehnle with details of injuries with pictures. Both of these officers employed by the Clear Creek County Sherriffs office.

Exibit D - Clear Creek County Sherriffs office video of incident from security cameras.

Exibit E - Letter from Captain Jeff Smith whom is the Jail Administrator.

NOTE - I have written a grievance on May 16th, 2019 - as of March 26th, 2020 it was never responded to.
- I have made repeated attempts to get full names and badge #'s. The Clear Creek County sherriffs office will not cooperate with me. I may need appointment of Counsel to assist me to gather all documentation for discovery.

Pg 1.

C. What date and approximate time did the events giving rise to your claim(s) occur?

May 15th, 2019 at or around 10:00 A.M.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

- Deputy Cordova ignored my pleas that the shackle dag was applying to my left ankle was pinching my shin because the standard shackle is too small.
- Deputy Boen attacked me by taking me to the floor and placing me in a head-lock/choke hold.
- Deputies Cordova, Boen, and Dibiasi knelt on me not allowing me to breath.
- Deputy Dibiasi then applied a strap to my ankles cutting off circulation. Then repeatedly choked me with a helmet and strap. He also tore something in my shoulder while shoving me in chair.
- Captain Smith ignored my pleas for help. Nurse Marsha was watching from a gate.
Please See Attachments (2 pgs.)

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

- I received bruises and scrapes throughout my body. I was treated for them by nurse Marsha. She measured and detailed each bruise and scrape - gave me motrin and bandaged my scrapes as well as apply some type of ointment. I complained of shoulder (left) pain and I was seen by Dr. Paris a few days after incident. I continue to experience pain in my left shoulder, however it hasn't been completely treated.

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I am requesting monetary relief in the amount of $437,000 for emotional distress, injuries to include bruises, scrapes, sore muscles as well as pain and suffering. The basis for my claim is for the injuries inflicted and treated for as well as the left shoulder injury that I have not been fully treated for which may require corrective surgery. The monetary relief will also be applied for a mental health evaluation and any type of long-lasting treatment that I may require stemming from this incident.

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

I filed a grievance on the kiosk, however it was not answered. Sgd. Lucas did refer me to the county police department where I was interviewed by a Lt. and Ded. Brown on May 16th, 2019.

2.  What did you claim in your grievance?

I claimed that I was assaulted by deputies Cordova, Boen and Dibiasi; That they over reacted to my pleas that the shackles were pinching me and that all deputies involved over reacted and caused injuries.

3.  What was the result, if any?

The grievance on the kiosk was never answered. The complaint where I was interviewed by the Clear Creek County police department was never answered either. I have written kites while in jail as well as a letter to Ded. Brown, however nobody has answered.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I have asked and submitted kites to Captain Smith and Sgd. Lucas. Sgd. Lucas' response was that they could not tell me what action was taken.
So I filed a complaint with the U.S. Civil Rights Complaint Division in Denver.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Incident took place in the Clear Creek County Jail booking area.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

I filed a grievance on the inmate kiosk on May 16th, 2019 - however it was never answered as of March 27th, 2020.



Attachment for VII E 4

# Clear Creek County Sheriff's Office

405 Argentine Street ★ Post Office Box 2000
Georgetown, Colorado 80444
www.clearcreeksheriff.us

**SHERIFF**
*Rick Albers*

**UNDERSHERIFF**
*Bruce Snelling*

**DETENTIONS COMMUNICATIONS DIVISION**
*CAPTAIN*
*Jeff Smith*

**SPECIAL OPERATIONS ADMINISTRATION DIVISION**
*CAPTAIN*
*Matt Brown*

**PATROL INVESTIGATIONS DIVISION**
*CAPTAIN*
*Glenn Hardey*

**TRANSPORT DIVISION**
(303) 679-2472

**RECORDS DIVISION**
(303) 679-2452

**CIVIL DIVISION**
(303) 679-2376

**DETENTIONS ACCOUNTING**
(303) 679-2451

November 10, 2020

Manuel Alejandro Comacho, my name is Captain Smith and I am the jail administrator

Sir, I am in receipt of you letter, just an FYI there is no Clear Creek County Police Department and the Sheriff's Office does not have a Detective Brown.

In researching the information you supplied you were interview by Lt. Gremillion and Detective Buehrle of the Clear Creek County Sheriff's Office in reference to this matter.

The interview was recorded and a written report was produced by Lieutenant Gremillion, in this report you were quoted as advising that you did not want to pursue criminal charges, and that you wanted it handled administratively, specifically wanting more training.

We do not release conclusions from administrative matters.  I can tell you that we train constantly and presently are doing scenario based training, to try and address real life situations that our deputies face in the jail.

Respectfully,

Capt. Jeff Smith
Jail Adminstrator

COPY

Main Office (303)679-2376 ~ Fax (303)679-2447 ~ Detentions (303)679-2395
Detentions Fax (303)679-2449 ~ Dispatch (303)679-2393 (Non-Emergency) ~ Medical Fax (303)679-2445

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Initially I filed a grievance, however it was not answered. Sgt. Lucas did notify the Police Department where they interviewed me, took statements, took pictures of my injuries and asked if I wanted to press charges.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

The Clear Creek County answers kites and grievances on kiosks - so we are not provided copies. All in all I filed a grievance that was not answered. I requested what administrative remedies were taken, however nobody will answer.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _N/A_
   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _N/A_

3. Docket or index number
   _N/A_

4. Name of Judge assigned to your case
   _N/A_

5. Approximate date of filing lawsuit
   _N/A_

6. Is the case still pending?
   ☐ Yes        N/A
   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _N/A_

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   No.

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____N/A_____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____N/A_____

3. Docket or index number

   _____N/A_____

4. Name of Judge assigned to your case

   _____N/A_____

5. Approximate date of filing lawsuit

   _____N/A._____

6. Is the case still pending?

   ☐ Yes       N/A.
   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____N/A_____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: December 9th, 2020

Signature of Plaintiff: Manul Camacho
Printed Name of Plaintiff: Manuel Camacho
Prison Identification #: 403197
Prison Address: 2110 "O" St.
Greeley, CO 80631

### B. For Attorneys

N/A

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

Telephone Number
E-mail Address

Clerk of the Court
United States Court For The District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, Co, 80294-3589

— Cover Sheet

— Complaint For Violation Of Civil Rights (17 pages)

— Motion to file without payment Supporting Financial Affidavit, with Supporting Documentation from the Weld County Sherriffs office. (3 pages)

— Prisoner Motion For Appointment Of Counsel (4 pages)

*<u>Note</u>: I'm doing the very best that I can with <u>very</u> <u>limmited</u> <u>time</u> and <u>access</u> to law resources.

Respectfully,

Manuel A Camacho

Manuel A. Camacho