**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

JACOB CORDOVA, Deputy;
ANDREW BUEN, Deputy;
NICK DIBIASI, Deputy;
JEFF SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

### AFFIDAVIT OF JEFF SMITH

---

Affiant, **JEFF SMITH**, after first being duly sworn, states as follows:

1. I am employed as a Captain at the Clear Creek County Detention Center and have held that position since December of 2004. I have personal knowledge of the matters contained within this affidavit.

2. The Clear Creek County Detention Center has created two procedures for inmates to file grievances against jail staff. Inmates may initiate an informal grievance by discussing their grievance with a member of the jail staff. Alternatively, inmates can file a "formal" or written grievance and submit the written grievance to a jail deputy, jail supervisor, or by depositing the written grievance in a lockbox which only supervisors can access.

3.   Deputies are made available to inmates daily specifically so that inmates can submit their written grievances to a deputy.

4.   The written grievance must be in writing and explain the factual circumstances underlying the grievance, the alleged wrongdoing of the Detention Center employee, and specify a requested remedy.

5.   The written grievance must be submitted within seven days of the incident underlying the grievance.

6.   The Clear Creek County Detention Center maintains records of all inmate grievances for at least five years after the inmate has been released from the Clear Creek County Detention Center.

7.   I have reviewed Manuel Camacho's inmate file and there is no record that he participated in the informal grievance procedure with jail staff or that he filed a written grievance while incarcerated at the Clear Creek County Detention Center.

8.   I am not aware that Manuel Camacho ever filed a formal written grievance while at Clear Creek County Detention Center.

9.   I am not aware that Manuel Camacho ever attempted to resolve a grievance informally while at Clear Creek County Detention Center with a member of the jail staff.

10.  Clear Creek County Detention Center maintains an inmate kiosk which provides a computer at which inmates can access their account balances, place commissary orders, communicate with family members, or file a kite.

11.  If an inmate attempts to file a grievance through the kiosk, a supervisor notifies the inmate that the grievance must be submitted as a handwritten kite.

12. Clear Creek County Detention Center does not permit inmates to file written grievances through the kiosk. Written grievances must be physically handed to a member of jail staff or in the locked drop box marked for grievances.

13. Manuel Camacho requested, and was granted, an interview with the Investigations Unit of the Clear Creek County Sheriff's Office.

14. Interviews with the Sheriff's Office are not a part of the Detention Center's grievance process. Interviews are permitted so that inmates can seek redress outside of the grievance system.

15. Based on my review of Manuel Camacho's inmate file, Manuel Camacho was a pre-trial detainee awaiting trial and sentencing while at Clear Creek County Detention Center.

16. I have reviewed Clear Creek County Detention Center Policy 12.09 attached as **Exhibit A** to Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment.

17. **Exhibit A** is a true and accurate copy of the grievance policy in place at Clear Creek County Detention Center on May 15, 2019.

18. Policy 12.09 is maintained by the Clear Creek County Sheriff's Office during the normal course of its business activity.

_____
Jeff Smith

STATE OF COLORADO  )
                   ) ss
COUNTY OF CLEAR CREEK )

Sworn and subscribed to before me this 28th day of April, 2021 by Jeff Smith.

3

_____
Notary Public

ELIZABETH A. GRABER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20074014045
MY COMMISSION EXPIRES APRIL 6, 2023