**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

**DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Defendants, **JACOB CORDOVA, ANDREW BUEN, NICK DIBIASI, JEFF SMITH** and **CLEAR CREEK COUNTY SHERIFF'S OFFICE,** through undersigned counsel **SGR, LLC** and pursuant to Fed.R.Civ.P. 26(c), respectfully move this Court for an order staying all case proceedings and discovery pending resolution of the dispositive motion.

**AND IN SUPPORT THEREOF,** Defendants state as follows:

    **I.**    **STATEMENT OF CONFERRAL**

1.    Plaintiff is currently incarcerated at Centennial South Correctional Facility and appears *pro se* in this matter. Pursuant to D.COLO.LCiv.R. 7.1(b)(1), counsel for Defendants was not obligated to confer with Plaintiff prior to filing this Motion.

## II.    INTRODUCTION

2. This case arises out of Plaintiff's detainment at Clear Creek County Detention Center. On May 15, 2019, Plaintiff was being prepared for transport from the Center for a court appearance and there was difficulty securing Plaintiff's left ankle and a dispute arose. Plaintiff alleges that the individual Defendants used excessive force against him in violation of the Eighth Amendment and that the Sheriff's Office has failed to properly train Detention Center staff. All claims are brought pursuant to 42 U.S.C. § 1983.

3. In response to Plaintiff's allegations, all Defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, a motion pursuant to Fed.R.Civ.P. 56. The individual Defendants raise the defense of qualified immunity and seek the dismissal of all claims against them on that basis. The Sheriff's Office seeks dismissal as Plaintiff has failed to plausibly allege his *Monell* claim. All Defendants seek dismissal on the basis that Plaintiff has failed to exhaust his administrative remedies.

4. Defendants seek a stay pending the resolution of the Motion to Dismiss. The individual Defendants should not be subjected to the demands of discovery until the Court rules on their dispositive motions and determines the threshold question of immunity. It is well-established that when an immunity determination is pending as to some defendants, discovery should be stayed as to all defendants. As a result, a stay of discovery is warranted under these circumstances.

## III.    ARGUMENT

5. Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, it has been long held that "the power to stay proceedings is incidental to the power

2

inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In general, a stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed.R.Civ.P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). A stay is also warranted when a dispositive motion is pending. *See Vivid Techs., Inc. v. A.M. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("[W]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). In evaluating a request for a stay, the Court evaluates the following five factors: (1) a plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104-05 (D. Colo. 2015) (citing *String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

      A.     **THE RELATIVE INTERESTS OF THE PARTIES WEIGH IN FAVOR OF A STAY.**

      6.     First, a court must balance a plaintiff's desire to proceed expeditiously with the case against the burden placed on a defendant associated with proceeding forward. *See Rainey v. Thorstad*, 2012 WL 5931743, at *1 (D. Colo. Aug. 14, 2012). The default assumption is that a plaintiff has a strong interest in the case proceeding. *Four Winds Interactive LLC v. 22 Miles, Inc.*, 2017 WL 121624 at *2 (D. Colo. Jan. 11, 2017). However, when a plaintiff appears *pro se* and is attempting to obtain counsel, the plaintiff's interest in proceeding is presumably lessened. *Franklin*

3

*v. Medtronic, Inc.*, 2010 WL 1313098 at *2 (D. Colo. Apr. 1, 2010). Here, although Plaintiff's exact efforts to obtain counsel are unknown, Plaintiff has requested assistance in obtaining counsel. [Doc. No. 15]. It may, therefore, be assumed that Plaintiff has some interest in having the case stayed until he can procure counsel, rather than the typical plaintiff interest in proceeding expeditiously.

7. As well, the burden on Defendants outweighs Plaintiff's interests. As noted by the Supreme Court, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see also Eaton v. Meneley*, 3779 F.3d 949, 954 (10th Cir. 2004). Therefore, officials who assert immunity are entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation associated with discovery and trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, [qualified immunity] is effectively lost if a case is erroneously permitted to [proceed]"). This is especially true where a determination of the officer's immunity is "dispositive" of the plaintiff's claims. *See Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997) ("[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity also provides officials with the valuable protections from the burdens of broad-reaching discovery") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

8. As explained by the Supreme Court in *Ashcroft v. Iqbal*, there are serious reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is

4

> counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation and discovery].

556 U.S. 662, 685 (2009). Ultimately, "[w]hen a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998). "[I]f the defendant does plead [an] immunity defense, the district court should resolve that threshold question before permitting discovery." *Id.* at 598.

9.  The burdens on the Sheriff's Office also outweigh Plaintiff's interests. The Motion to Dismiss is potentially dispositive of the claim against the Office. If discovery proceeds while the Motions are pending, the Office will be forced to expend resources on discovery that might ultimately prove unnecessary. As well, should this Court resolve the claims in favor of the individual Defendants (finding that no underlying constitutional violation has been plausibly alleged), then the claim against the Office also fails since a fundamental prerequisite for a viable municipal liability claim in the context of § 1983 is an underlying constitutional violation. *See Trigalet v. Tulsa*, 239 F.3d 1150, 1155 (10th Cir. 2001). It would therefore be highly prejudicial to the Office if it were forced to proceed with discovery while the immunity issues are being determined and Plaintiff will not be prejudiced if a stay is granted. This is only enhanced by the

fact that all Defendants seek dismissal of all claims based on Plaintiff's failure to exhaust his administrative remedies.

### B.  THE INTERESTS OF THE COURT AND THE PUBLIC WEIGH IN FAVOR OF A STAY.

10. A court will consider its own convenience and the public interest in general when considering a motion to stay discovery. "[T]he district court has the power to stay proceedings … for the purpose of economy and time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (internal quotations and citation omitted). In regard to this litigation, there is no indication that granting a stay of discovery will adversely affect the interests of the public. "Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time." *Adams v. Wiley*, 2009 WL 4730744, at *2 (D. Colo. Dec. 2, 2009) (citing Fed.R.Civ.P. 1) (instructing that the federal rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). A stay of discovery will be the most efficient way to conserve time and public resources, as well as the efforts and resources of this Court, given that Defendants' now pending Motion to Dismiss, if granted, will resolve this case in its entirety.

11. That the Sheriff's Office has not asserted immunity should not preclude a complete stay of discovery as to all parties. Indeed, "proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative." *Lincoln v. Maketz*, 2015 WL 3413271, *3 (D. Colo. May 28, 2015); *Gale v. Jacob*, 2015 WL 3862686, at *2 (D. Colo. June 22, 2015); *Ingram v. Clements*, 2015 WL 1598052, at *2 (D. Colo. Apr. 8, 2015). Moreover, the Supreme Court has specifically addressed this issue:

6

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685 (2009). Under this standard, a complete stay of discovery for claims and defendants both subject to and not subject to an immunity defense is appropriate and regularly ordered. *See e.g.*, *Martinez v. Carson*, 697 F.3d 1252, 1256-57 (10th Cir. 2012) (describing propriety of a complete stay of discovery when some defendants raise qualified immunity); *Chapman v. Federal Bureau of Prisons*, 2015 WL 4574863, at *2–4 (D. Colo. July 30, 2015) (entering complete stay of discovery despite immunity defenses only applying to some defendants and to some claims); *Drive Sunshine Inst. v. High Performance Transp.*, 2014 WL 5816900, at *3 (D. Colo. Nov. 10, 2014) ("Additionally, discovery should be stayed in the case as a whole even though only some of the defendants are asserting qualified immunity as a defense").

## IV.   CONCLUSION

12.   None of the parties are well-served in being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion is pending. *See Commonwealth Prop. Advocates, LLC v. Deutsche Bank Trust Co. Americas*, 2011 WL 572386, at *3 (D. Colo. Feb. 14, 2011) (citing *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources").

7

**WHEREFORE**, Defendants respectfully request that the Court grant the Motion to Stay Discovery, staying all discovery and further proceedings until such time the pending dispositive motions have been resolved.

Respectfully submitted,

s/ Eric M. Ziporin
*Eric M. Ziporin*
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
Email: eziporin@sgrllc.com
*Counsel for Defendants*

s/ Anahita D. Sotoohi
*Anahita D. Sotoohi*
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
Email: asotoohi@sgrllc.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day 30th day of April, 2021, I electronically filed a true and correct copy of the above and foregoing with the Clerk of Court using the CM/ECF system. I further certify that I mailed said DEFENDANTS' MOTION TO STAY DISCOVERY to the following non-CM/ECF participant by U.S. Mail, first class postage prepaid:

Manuel A. Camacho #69393
Four Mile Correctional Facility D-20-5
P.O. Box 300
Canon City, CO  81215

s/           Lisa Gilbert
Legal Secretary