## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

JACOB CORDOVA, Deputy;
ANDREW BUEN, Deputy;
NICK DIBIASI, Deputy;
JEFF SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

## DEFENDANTS' RENEWED MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

---

Defendants, **JACOB CORDOVA, ANDREW BUEN, NICK DIBIASI, JEFF SMITH** and **CLEAR CREEK COUNTY SHERIFF'S OFFICE,** by and through their attorneys, **SGR, LLC**, hereby submit their Renewed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 56.

**AND IN SUPPORT THEREOF**, Defendants state as follows:

### CERTIFICATE OF CONFERRAL

Plaintiff is currently incarcerated at Centennial South Correctional Facility and appears *pro se* in this matter. Pursuant to D.COLO.LCiv.R. 7.1(b)(1), (2), and (3) counsel for Defendants was not obligated to confer with Plaintiff prior to filing this Motion. However, Defendants note that

Plaintiff has stated a blanket opposition to any dismissal of his claims. [Doc. No. 32, Plaintiff's Status Request Motion]. It is assumed that Plaintiff opposes the relief requested herein.

## I.     INTRODUCTION

This case arises out of Plaintiff's detention at the Clear Creek County Detention Center as a pretrial detainee. Plaintiff alleges that on May 15, 2019, while he was in the process of being secured for transport from the jail to a court appearance, he was assaulted by Defendants Dibiasi, Cordova, and Buen. Plaintiff brings claims for excessive force in violation of the Eighth Amendment as to the individual Defendants, and for failure to train as to the Clear Creek County Sheriff's Office. All claims are brought pursuant to 42 U.S.C. § 1983.

Plaintiff's claims against all Defendants are barred because he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Although ruling on this issue will require the Court to look at matters beyond the four corners of the Complaint, many courts have permitted motions to dismiss to convert to early motions for summary judgment in this context. As well, Plaintiff's Eighth Amendment claims should be dismissed given that he was a pretrial detainee with potentially viable claims only pursuant to the Fourteenth Amendment. In the alternative, Plaintiff's claim as to Clear Creek County Sherriff's Office should be dismissed for failure to state a claim because Plaintiff has not plausibly alleged that the Sheriff's Office acted with deliberate indifference. In addition, Plaintiff's official capacity claims against the individual Defendants should be dismissed as they are duplicative of the claims against the Sheriff's Office.

Contemporaneous with this Motion, Defendants submit a Motion to Withdraw their previous Motion to Dismiss [Doc. No. 48].

## II.   STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), a complaint "must contain enough allegations of fact 'to state a claim for relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when its allegations, taken as true, allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept conclusory allegations without supporting factual averments. *See Ruiz v. McDonell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Mere formulaic recitations of the elements of a cause of action will not suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Summary judgment should be granted where the moving party shows the absence of a genuine issue of material fact. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the burden then shifts to the non-moving party to demonstrate a genuine issue of material fact to be resolved at trial. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). A fact is "material" if it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Id.*

When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986). To survive summary judgment, a plaintiff "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of [each] element essential to that party's case." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks omitted).

### III.     MOVANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On May 15, 2019, Plaintiff was detained at the Clear Creek County Detention Center. [Doc. No. 8, Plaintiff's Amended Complaint, p. 6].

2. Plaintiff alleges that on May 15, 2019, he suffered an Eighth Amendment violation due to an assault committed by Defendants Buen, Cordova, and Dibiasi. [*Id.* p. 6, p. 9].

3. On May 16, 2019, Plaintiff filed a grievance through the inmate kiosk system. [*Id.* p. 11]; *see also* [**Exhibit A**, Kiosk Grievance]; [**Exhibit B**, Affidavit of Jeff Smith ¶¶ 4, 5].

4. The kiosk grievance explained the incident and asked that certain documentation be disclosed to a Clear Creek County investigator as soon as possible. [**Exhibit A**].

4. Shortly after the alleged violation, Plaintiff participated in an interview with Lieutenant Steve Gremillion and Detective Joel Buehrle of the Clear Creek County Sheriff's Office [Amended Complaint p. 13]; [**Exhibit B ¶ 10**].

5. During the interview, Plaintiff provided his account of the incident. [Amended Complaint p. 13]. Plaintiff was asked if he wanted to press criminal charges and he declined, stating instead that he wanted the Sheriff's Office to hold its deputies accountable. *Id.* Plaintiff was informed by Lieutenant Gremillion and Detective Buehrle that his request would be addressed via administrative action. *Id.*

4

6. Clear Creek County Detention Center has created and made available to inmates a grievance procedure for inmates who believe they have suffered a civil rights violation. [*See* **Exhibit C,** Clear Creek County Detention Inmate Handbook]; [**Exhibit B** ¶¶ 6, 7, 8, 9].

7. Per the Handbook, inmates who wish to file a grievance must do so on a kite and must do so within five days of the incident. [**Exhibit C**].

8. After review of the grievance, a staff member will respond to the inmate in writing, explaining whether the grievance is founded or unfounded, but any disciplinary action taken as to a staff member will remain confidential. [*Id.*]

9. The grievance procedure does not impose a time constraint on when the staff member must notify the inmate. [*Id.*]

10. In the event that an inmate is dissatisfied with the disposition of their grievance, they may file an appeal within five working days of receipt of the disposition. [*Id.*].

11. In November of 2020, Plaintiff mailed a letter to Clear Creek County Detention Center, addressed to Defendant Jeff Smith, seeking to follow up on and learn the outcome of his grievance. [Amended Complaint p. 12]; [**Exhibit B** ¶ 11].

12. On November 10, 2020, Defendant Smith responded, stating that the Detention Center's understanding from Plaintiff's interview was that Plaintiff wanted the matter handled administratively and only requested additional training for the involved deputies; that the Detention Center does not release conclusions from administrative matters; and that the Detention Center provides frequent, scenario-based training. *See* November 10, 2020 Letter, attached as page 17 of the Amended Complaint.

13.   Plaintiff did not respond to the November 10 letter or otherwise attempt to appeal the conclusion. [**Exhibit B** ¶ 13].

14.   While at Clear Creek County Detention Center, Plaintiff was a pre-trial detainee awaiting trial and sentencing. [**Exhibit B** ¶ 14].

## ARGUMENT

### A.   PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES BARS HIS CLAIMS.

Before Plaintiff may bring any claim at all based on the conditions of his confinement, he is obligated to exhaust all jail grievance procedures. 42 U.S.C. § 1997e(a). The statute does not allow for "substantial compliance," nor can a prisoner rely on his own interpretation of administrative procedures to claim exhaustion. *Boles v. Allen*, 784 Fed. App'x. 596, 600 (10th Cir. 2019). Exhaustion requires an inmate to actually use all administrative procedures available. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). An inmate cannot claim exhaustion by simply waiting until remedies are unavailable and then claiming that the lack of availability constitutes exhaustion—the exhaustion requirement is not meant to allow inmates to ignore procedural rules so that they may proceed directly to federal court. *Id.* at 94. "An inmate who begins the grievance process but does not complete it" is barred from seeking § 1983 relief. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The exhaustion requirement applies to allegations that prison officials used excessive force. *Porter v. Nussle*, 534 U.S. 516, 530 (2002). The exhaustion requirement also applies when the plaintiff-prisoner seeks monetary relief that would not have been available as part of the grievance procedure. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And finally, the exhaustion requirement

also applies when an incarcerated plaintiff claims at a government entity has failed to train prison officials. *Hesterlee v. Cornell Co.*, 351 Fed. Appx. 279, 281 (10th Cir. 2009).

Asserting a failure to exhaust administrative remedies is an affirmative defense (rather than a pleading requirement) and Defendants have the burden to show that Plaintiff has failed to exhaust his remedies. *Jones v. Bock*, 549 U.S. 199, 212 (2007). The overwhelming majority of courts in this district have permitted defendants in this context—cases involving *pro se* incarcerated people—to file early motions for summary judgment in order to resolve the question of exhaustion. *Caldwell v. Nelson*, 2013 WL 5586065 (D. Colo. Oct. 10, 2013); *Allen v. Falk*, 2015 WL 156777 (D. Colo. Jan. 12, 2015); *Torres v. O'Neal*, 2011 WL 782724 at *7 (D. Colo. Jan. 14, 2011); *Culp v. Williams*, 2011 WL 1597953 (D. Colo. April 6, 2011); *Gowadia v. Nakakuni*, 2018 WL 287392 (D. Colo. Jan. 4, 2018); *York v. Fed. Bureau of Prisons*, 2009 WL 690295 at *2 (D. Colo. Jan. 22, 2009); *Jones v. Bradshaw*, 2019 WL 5549164 at *1 (D. Colo. Oct. 25, 2019).

The undisputed facts establish that Plaintiff's requested relief was, ultimately, for his grievance to be handled administratively. In November of 2020, in response to a letter in which Plaintiff sought to learn the outcome of his grievance, Plaintiff was informed by Defendant Smith that no conclusions from administrative matters would be released and that regular training was provided. Plaintiff did not attempt to file the required appeal after he was informed of the results of his requested relief. Plaintiff does not make any allegations of having actually appealed the result of his grievance, and no record shows that he did. Notably, Plaintiff does not allege that the letter from Defendant Smith failed to address his grievance—he simply disagrees with *how* the letter addressed his grievance.

7

Plaintiff's sole allegation concerning his exhaustion of administrative remedies is that he filed a grievance via the inmate kiosk. This step alone did not suffice to exhaust Plaintiff's administrative remedies. Plaintiff was also obligated to appeal if he was dissatisfied with how the Detention Center handled his grievance – which appears to be the case since he has now filed the present lawsuit. Plaintiff has therefore failed to exhaust his administrative remedies and his claims of excessive force, for monetary damages, and his failure to train claim as to the Clear Creek County Sheriff's Office are subject to dismissal.

### B. INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

The individual Defendants are entitled to qualified immunity. In light of that assertion, Plaintiff bears the "heavy two-part burden" of adequately alleging: (1) that Defendants violated a constitutional right, and (2) that such right (and the violation thereof) were clearly established at the time of the alleged conduct. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). "[I]n this context, plaintiffs must allege facts sufficient to show . . . that the defendant[s] plausibly violated their constitutional rights." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). In determining whether a right is clearly established, a plaintiff must point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) which recognizes an actionable constitutional violation in the circumstances presented. *Schwartz v. Booker*, 702 F.3d 573, 587–88 (10th Cir. 2012). Thus, the burden rests on Plaintiff to identify a case where an official acting under sufficiently similar circumstances was held to have violated a claimant's constitutional rights. *White v. Pauly*, 137 S.Ct. 548, 552 (2017). In order to satisfy this element, "existing precedent must have placed the statutory or constitutional question beyond debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015).

### 1. Element not alleged—no constitutional violation

Plaintiff brings his claims against the individual Defendants pursuant to the Eighth Amendment. [Amended Complaint, pg. 6, 7, 9, 11]. However, during his time at Clear Creek County Detention Center, Plaintiff was a pretrial detainee. [SUMF ¶ 14]. As a pretrial detainee, Plaintiff's claims related to his in-custody treatment are governed by the Fourteenth Amendment, not the Eighth Amendment. *Colbruno v. Kessler*, 923 F.3d 1155, 1162 (10th Cir. 2019). Because Plaintiff has failed to assert an Eighth Amendment violation and does not assert any other constitutional violation as to the individual Defendants, Plaintiff has failed to allege a constitutional violation to overcome Defendants' assertion of qualified immunity.

### 2. Element not alleged—no clearly established law

In light of the above, Plaintiff cannot show any clearly established law which indicates that the Eighth Amendment applies to a pretrial detainee's claims related to confinement conditions. In the absence of clearly-established law showing that the defendant should have been aware his conduct was constitutionally violative, Plaintiff cannot overcome the assertion of qualified immunity.

### C. PLAINTIFF HAS FAILED TO STATE A CLAIM AS TO CLEAR CREEK COUNTY SHERIFF'S OFFICE AND OFFICIAL CAPACITY CLAIMS SHOULD BE DISMISSED.

If the Court declines to permit Defendants to seek summary judgment, Plaintiff's claim as to the Clear Creek County Sheriff's Office is nonetheless subject to dismissal for failure to state a claim and the official capacity claims against the individual defendants should be dismissed as redundant.

### 1. Plaintiff has failed to state a claim as to the Clear Creek County Sheriff's Office.

Plaintiff alleges that the Sheriff's Office has violated his Eighth Amendment rights by failing to adequately train its staff. Defendants construe this is as a *Monell* claim based on an alleged failure to train.

Municipal defendants such as the Sheriff's Office are subject to liability under 42 U.S.C. § 1983 only if the underlying constitutional deprivation was the direct result of a municipal policy, practice, or custom. *See Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Once a constitutional violation is established, a plaintiff must then identify the particular policy, practice, or custom alleged to have been the "moving force" behind the deprivation and show how such policy, practice or custom in fact caused the deprivation. *See Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997).

When such claim is based on the government entity's failure to act, however, a plaintiff must show that the particular "policy" in question "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Thus, for such claim to withstand a motion to dismiss made pursuant to Rule 12(b)(6), a plaintiff must provide plausible allegations of: (1) the existence of a municipal policy, practice, or custom, (2) a causal link between said "policies" and the alleged violation at issue, and (3) the government entity's culpable state of mind as it relates to same. *Id.* Conclusory or formulaic recitations of a *Monell* cause of action, however, are insufficient to meet this pleading standard. *See Iqbal*, 556 U.S. at 678.

### a. Plaintiff has failed to allege a constitutional violation.

As argued above, Plaintiff has failed to allege that the individual Defendants committed an underlying constitutional violation. Plaintiff brings an Eighth Amendment claim and the Eighth Amendment does not apply to claims arising from Plaintiff's confinement as a pre-trial detainee. A failure to establish an underlying constitutional violation means that Plaintiff has failed to allege a *Monell* claim. *Brown*, 520 U.S. at 409; *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996).

### b. Plaintiff has failed to allege causation.

Regarding the causation element, Plaintiff must demonstrate that the "policy" in question was "closely related to the ultimate injury" (i.e., a violation of the Eighth Amendment). *See Carr v. Castle*, 337 F.3d 1221, 1231 (10th Cir. 2003) (quoting *Monell*, 436 U.S. at 691). This requires plausible allegations of a "direct causal link between the City's action (or inaction) and the deprivation of . . . civil rights." *Estate of Reat v. Rodriguez*, WL 4358333, at *2 (D. Colo. Sept. 3, 2014) (citing *Brown*, 520 U.S. 397 (1997)). The causation element "is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training [or] supervision." *Schneider*, 717 F.3d at 770.

Here, Plaintiff has put forth only a threadbare, conclusory allegation that the Office's failure to train caused his alleged constitutional violation. There are no facts to support this allegation—Plaintiff simply states that the failure to train caused his suffered violation. This perfunctory conclusion does not plausibly demonstrate the causal relationship necessary to maintain Plaintiff's *Monell* claim. *See Oklahoma v. Tuttle*, 471 U.S. 808, 824 n.8 (1985) ("The fact that a municipal 'policy' *might* lead to 'police misconduct' is hardly sufficient to satisfy

*Monell*'s requirement that the particular policy be the 'moving force' behind a constitutional violation") (emphasis added). As such, Plaintiff has not sufficiently alleged the element of causation, nor overcome the rigorous burden he faces with regard to same. *Schneider*, 717 F.3d at 770.

          c.    <u>Plaintiff has failed to allege deliberate indifference.</u>

Plaintiff similarly fails to establish that the Sheriff's Office acted with deliberate indifference. "'Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Waller v. Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). "[O]rdinarily" a "pattern of similar constitutional violations by untrained employees" is necessary to establish deliberate indifference. *Connick*, 563 U.S. at 62; *Sanchez v. Littleton*, 491 F.Supp.3d 904 (D. Colo. Sept. 30, 2020) (dismissing failure to train claim that cited only to the defendants' conduct).

Here, Plaintiff has not put forth any facts to show that the Sheriff's Office acted with deliberate indifference. There are no facts to show that the Office had notice that any decision not to provide certain training could result in a violation of Plaintiff's constitutional rights, much less that such violation was substantially certain to result from that decision. There are no allegations of similar incidents (or indeed of other instances of excessive force at all)—even reading Plaintiff's Complaint with the liberality afforded to pro se parties, this means that Plaintiff has failed to state

his *Monell* claim. *Miller v. Cliff*, 2018 WL 9485018 at *3 (D. Colo. Jan. 24, 2018); *Syme v. El Paso Cty.*, 2009 WL 1346642 at *1 (D. Colo. May 11, 2009); *Barringer v. Denver*, 2006 WL 2457338 at *1 (D. Colo. Aug. 22, 2006). Without other instances of injuries similar to Plaintiff's, the Office could not have been on notice that any of its training (or, as Plaintiff alleges, lack thereof) could cause injuries like Plaintiff's and Plaintiff has failed to establish the deliberate indifference component of his claim against the Sheriff's Office.

### 2. Official capacity claims are redundant and must be dismissed.

Finally, Plaintiff brings his claims against the individual defendants in both their individual and official capacities. [Amended Complaint, pg. 3, 4, 5]. It is well established that claims against an individual in his or her official capacity are simply "another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, "where a suit contains both entity and official capacity claims, the only defendant is the entity." *Doe v. Douglas Cnty. Sch. Dist.*, 775 F.Supp. 1414, 1416 (D. Colo. 1991); *Ebonie v. Pueblo School Dist. 60*, 819 F.Supp.2d 1179, 1185 (D. Colo. May 3, 2011); *AB v. Adams-Arapahoe 28J School Dist.*, 831 F.Supp.2d 1226, 1240 (D. Colo. Nov. 28, 2011). Because official capacity claims are effectively those against the entity, they should be struck pursuant to Fed.R.Civ.P. 12(f), which permits the Court to strike redundant matters from pleadings. *Silverstein v. Federal Bureau of Prisons*, 704 F.Supp.2d 1077, 1087 (D. Colo. Mar. 23, 2010). Therefore, the official-capacity claims as to Defendants Cordova, Buen, Smith, and Dibiase should be dismissed as redundant and properly claims against the Sheriff's Office.

**WHEREFORE**, Defendants respectfully request that this Court grant relief as follows:

A.  Dismiss the entirety of Plaintiff's claims against the Clear Creek County Sheriff's Office with prejudice; or, in the alternative;

B.  Dismiss Plaintiff's claims as to Clear Creek County Sheriff's Office with prejudice; and

C.  Dismiss Plaintiff's official capacity claims as to Defendants Cordova, Buen, Smith, and Dibiasi.

Respectfully submitted,

/s/ Eric M. Ziporin
*Eric M. Ziporin*
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210

/s/ Anahita D. Sotoohi
*Anahita D. Sotoohi*
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 10th day of June, 2021, I electronically filed a true and correct copy of the above and foregoing with the Clerk of Court using the CM/ECF system. I further certify that I mailed said DEFENDANTS' RENEWED MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT to the following non-CM/ECF participant by U.S. Mail, first class postage prepaid:

Manuel A. Camacho #69393  
Four Mile Correctional Facility D-20-5  
P.O. Box 300  
Canon City, CO  81215

                                                                      s/ Lisa Gilbert  
                                                                       Legal Secretary