THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-CV-03691-RBJ-SKC

Manuel Alejandro Camacho

Plaintiff,

v. Jacob Cordova, Deputy,
Andrew Boen, Deputy,
Nick Dibiasi, Deputy,
Jeff Smith, Captain,
Clear Creek County Sherriff's Office.

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 10 2021

JEFFREY P. COLWELL
CLERK

---

Plaintiff's Motion To Object/Oppose to Defendants Motion To Dismiss, or in the Alternative, Motion for Summary Judgement

I Am Manuel Alejandro Camacho. I come Pro Se as the Plaintiff. I strongly object to the Defendants Motion to Dismiss, or in the alternative, motion for Summary Judgement. I oppose to dismiss any element of my claims. All Defendants should be held accountable according to the Principals of the United States Constitution. The claims are brought forth in good faith. I have clearly defined the factors which constituted the Flagrant violations. of my Constitutional right as a prisoner under the 8th Amendment "Prohibition of Cruel and Unusual Punishment", as well as under Civil Rights Act 3- which is the main source of individual protection of a prisoner under the constitution against physical abuse or official misconduct. Under the 4th or 8th Amendments reguarding Excessive Force "every person, including an incarcerated felon, has the right to be free from fear of offensive bodily contact". ANY PERSON who violates either of these rights can be

held liable, both civilly and criminally." Under No circumstances should the defendants evade justice through the illusion that the Plaintiff failed to exhaust administrative remedies. NOBODY in this complaint is IMMUNE to the LAW. As Officials SWORN TO OATH it is/was thier duty as professionals to abide by the constitution of The United States, state laws, as well as thier own policies and procedures. All Defendants through thier acts in an unprovoked attack ignored these laws, procedures and policies; deputies Cordova, Boen, and Dibiasi are the agressors that committed the violent acts. Captain Smith and the Clear Creek County Sherriffs Office acted as the AFFIRMITIVE LINKS that failed to enforce or provide adequate training as well as hold thier employees accountable. The Clear Creek County Sherriffs Office ignored my initial grievance about this incident. To the best of my knowledge and information provided, they deliberately chose to take no administrative action regarding my recorded interview with Lt. Gremillion and Det. Buehrle in which I chose not to pursue criminal charges because I was told by Lt. Gremillion that some type of administrative action would be taken, but it was "up to the brass." They told me that they would get back to me, however, I was on a writ - they never got back to me - nor did they respond to letters written to them.

    To address the Defendants motion for Summary Judgement I assume that this has already been established when U.S. Magistrate GORDON P. GALLAGHER granted the Order Drawing Case on February 2nd, 2021. In Magistrate GALLAGHER's Order Drawing Case it states "After review pursuant to D.C. COLO. LCiv 8.1(b) the court has

2

determined that this case does not appear to be appropriate for summary dismissal." Therefore, the Plaintiff objects to another Summary Judgement

## AFFIRMATION

To address Defendants allegation that I failed to "Exhaust his administrative remedies," I affirm that on May 16th, 2019 I verbally spoke to Sgt. Lucas of the Clear Creek County Sheriffs Office from the "SHU" unit. I requested to file a grievance and to file a complaint with the Clear Creek County Sheriff's Office. Sgt. Lucas directed me to file the grievance on the inmate kiosk. Around 1pm on May 16th 2019 It took 30-40 minutes to copy this grievance from notes I made in the "SHU" unit. Thier own security cameras will verify that I punched this grievance on thier kiosk. Because I was at Clear Creek County Jail on a writ from Jefferson County Jail I was only at the facility for two more weeks. I was not taken back to Clear Creek County Jail until the last week of August 2019. I was there for 3-4 days. While there I checked the kiosk and my grievance was still not responded to. I filed another grievance about the grievance I filed on May 16th, 2019 that was not responded to. My 2nd grievance was answered, however it stated that "We do not release conclusions to administrative actions/remedies to inmates." Besides these grievances I provided a recorded interview with Lt. Gremillion and Det. Buehrle on May 16th, 2019. They informed me that Administrative Action would be taken and that they would get back at me.

3

However, every time that I was in the Clear Creek County Jail I was on a writ from Jefferson County, Weld County, and the Department of Corrections. Therefore making it nearly impossible to pursue administrative remedies through the grievance process. When I was there I wrote grievances on other inmates concerning medical issues. Those Grievances as well as "kites" were answered and is only proof that they have a inmate grievance process on other inmates. After they denied my requests to speak to Captain Smith, Lt Gremillion or Ded. Buerhle about the incident when I last in August of 2019 I finally filed a complaint with the U.S. Dept of Justice/ United States Attorneys Office, District of Colorado-Civil division. I described the incident and the discrimination regarding the 8th amendment violation and the fact that they did not respond to my grievances. My wife Star Rodriguez also sent them a copy of the video of the assault. The last time that I was in Clear Creek County Jail was March 26th of 2020, at that time I checked the kiosk and my grievance from May 16th, 2019 at 1pm was still not responded to, nor would the facility treat me for my shoulder treat me because I was on a "Writ and would not be here long". In October of 2020 I wrote to Captain Brown who I thought was a detective - however Captain

4

Smith, answered my letter stating, "We do not release conclusions from administrative matters." Therefore making it impossible to exhaust administrative remedies when they do not release conclusions nor respond to my grievances. It should be further noted that the Defendants Exhibit A reflects the "Grievance Procedure" That is dated "7/15/13" - This policy is not updated, it is PRE KIOSK. They have obviously failed to update their grievance policy once their kiosks were in place sometime between 7/15/13 and May 1st, 2019 when I first encountered their inmate kiosks which provided services to write kites, grievances, tests, order commissary, utilize the law library and other services. This is another example of their negligence regarding policies, procedures, training as well as their lazy daisy norm of operations.

To address Defendants allegation that I failed to state a claim as to the Clear Creek County Sherriff's Office. Again in regard to the Clear Creek County Sherriff's Office and their employees and as an "Entity" they regarded this assault with diliberate indifference and Bias. It's obvious! They assaulted me. They failed to respond to my grievances. They failed to respond to my recorded interview by Lt. Gremillion and Det. Boerhle. They refuse to disclose any administrative remedies. They failed to fully treat my shoulder injury.

5

Ultimately they have failed to take any accountability in any way shape or form. Lt Gremillion and Det. Buerhle asked me what administrative remedies I wanted and if I wanted to press criminal charges. The Clear Creek County Sheriff's Office as a whole took full advantage of the mercy I expressed by not pressing charges. I did not want to tarnish anybody's career nor did I want to take the issue to the press. However I did state that I had and still have physical injuries - they took pictures. I requested that they hold their employees accountable. I requested better de-escalation training. I suggested that Deputy Dibiasi take a urine analysis because of his aggressive behavior. I requested that suspensions be meted out. I requested that this incident not be swept under the rug. In the Amended Complaint "F Administrative Remedies" I provided an attachment which was a letter from Captain Jeff Smith dated November 10th, 2020. This attachment speaks volumes about my attempts to exhaust administrative remedies as well as validates the whole incident. I am/was unsure to add Sgt Lucas, Lt Gremillion, Det. Boehrle as Affirmative links or utilize them as witnesses. My perception is that the Clear Creek County Sherriff's Office as a whole/"Entity" has done Absolutely NOTHING to remedy this assault.

6.

In regard to the Defendants "Official capacity claims are redundant and must be dismissed". The plaintiff is at a loss. I am a layman proceeding Pro Se. I am a bit confused as to the terms "Official Capacity and Individual. I have been locked in a cell for 23 hours a day since the COVID-19 Pandemic began. I have little to no access to legal materials to include a dictionary). Therefore I assume that a deputy acting under the color of law steps outside of his Official capacity and consciously acts as an individual against the laws of the constitution - he is considered individual because they are no longer acting according to their policies or procedures. Please forgive my interpretation of these terms, my intention is to hold this "Entity" and individuals accountable

As for material facts the Plaintiff will happily provide material facts in the form of
1- Video of assault
2- Medical Records
3- Letter from Captain Smith.
All material facts regarding evidence already gathered.

Conclusion

I oppose to any of the Defendants motions to dismiss All or any aspect of my claims. I come in good faith with honest intentions. I attempted Mediation through the grievance process since the very beging, as well as filed a complaint with the Clear Creek County Sherriff's office. I was seeking a mutual benifit. I diligently attempted to communicate with

them from Weld and Jefferson County jails, because at all times I was at Clear Creek County Jail on a writ for short periods of time. However, the Clear Creek County Sherriff's Office has chosen to remain silent, and is attempting to DIVERT or DISTORT TRUTH. By virtue of integrity I affirm all of my claims to be absolute/100% TRUE. Through the discovery Sopeona process the Plaintiff will establish the "Fruit" that will support each and every element of my claims. I wholeheartedly believe that it is in the interest of the people to Preserve, Enforce, and Protect the Provisions of the United States Constitution. This is about an incident that caused long lasting physical injury and emotional pain and suffering. This action is about preventing this from happening to anybody else. This action is about failed leadership, principals, and ethics all at degress of the Clear Creek County Sherriffs Office. Its about accountability and not allowing those who bare a badge evade justice. It is about JUSTICE FOR ALL. Therefore I oppose to dismiss any of my claims and request the court to allow this case to proceed on it's natural course toward trial.

    I certify that this motion was prepared by Plaintiff Manuel Alejandro Camacho and it is true on this date of June 3rd, 2021.

Respectfully,
[signature]

Manuel Alejandro Camacho
D.O.C. #69323
P.O Box 300
Canon City, CO 81215

I certify that I Manuel Alejandro Camacho sent a copy of this Motion to Object/oppose to Defendants Motion to Dismiss, Or in the alternative, Motion for Summary Judgement to the US District Court, District of Colorado
901 19th St.
Denver, Colorado. 80294

And To:
SENTER GOLDFARB & RICE LLC
Anahita D Sotoohi / Eric M. Ziporin
3900 E. Mexico Ave, Suite 700
Denver, Colo. 80210

on this date of June 3rd, 2021.

Respectfully

Manuel Alejandro Camacho
D.O.C. #69393
P.O. Box 300
Canon City, CO. 81215

Colorado Department Of Corrections
Name: Manuel A. Camacho
Register Number: 69393
Unit: D-2U-5
Box Number: 300
City, State, Zip: Cañon City, CO 81215

Denver, CO P&DC 802-ZIP
2021 JUN 2 12 PM

US District Court Of Colorado
Attn: Clerk Of The Court
901 19th St
Rm. A-105
Denver, CO 80294

FACE
FACILITY: CCF
STAFF LAST NAME: Hoeft
ID#: 22667
DATE REC'D: 6/5/21
INT: W
OFFENDER LAST NAME: Camacho
DOC#: 69393