IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

JACOB CORDOVA, Deputy,
ANDRES BUEN, Deputy,
NICK DIBIASI, Deputy,
JEFFREY SMITH, Captain, and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

ORDER on MOTION TO DISMISS

---

    Manuel Alejandro Camacho was an inmate in the Weld County Jail when he filed this lawsuit pro se on December 17, 2020. Later he was transferred to the Centennial South Correctional Facility of the Colorado Department of Corrections. Later yet he was released, and he is not incarcerated at the present time.

    Mr. Camacho complains that the individual defendants violated his constitutional rights when they applied excessive force during an incident on May 15, 2019 when he was in the Clear Creek County jail in Georgetown, Colorado. He further complains that the Clear Creek County Sheriff's Office failed to train the individual defendants properly, resulting in their application of excessive force.

1

The defendants filed a motion to dismiss the case, but the motion was later withdrawn. They then filed the pending renewed motion to dismiss or, in the alternative, motion for summary judgment. ECF No. 50. The motion to dismiss was based on the doctrine of qualified immunity. The alternative motion for summary judgment was based on plaintiff's alleged failure to exhaust his administrative remedies. Plaintiff responded. No reply was filed.

The Court referred the motion to United States Magistrate Judge S. Kato Crews for a recommendation, which was issued on November 2, 2021. ECF No. 61. Judge Crews advised the parties of their right to file written objections within 14 days after service of the recommendation. *Id.* at 12. However, no objections have been filed.

In his 12-page recommendation Judge Crews recommended that the motion to dismiss be granted as to the claims against the deputies in their official capacities, *id.* at 7-8, and granted as to the claim against the Sheriff's Office. *Id.* at 9-10. However, he recommended that the motion to dismiss be denied as to the claims against the deputies in their individual capacities. He found that defendants' qualified immunity argument was "conclusory and woefully underdeveloped because it [was] based solely on Plaintiff having styled his claim under the Eighth Amendment," a deficiency easily remedied by construing the pro se plaintiff's pleading liberally to be based on the Fourteenth Amendment. *Id.* at 8-9. He also recommended that defendants' alternative motion for summary judgment be denied because defense counsel failed to follow this Court's practice standard regarding motions for summary judgment. *Id.* at 2. In a footnote he added that there appeared to be disputed issues of fact concerning whether any defects in exhaustion were excused "due to prison officials' inaction or efforts to hinder Plaintiff's efforts to exhaust." *Id.* at 2 n.4.

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  However, in the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  In this case I find that the magistrate judge's recommendation was spot on.  It was correct in its analysis of the problems with the defendants' motion, and it was correct on the law.

**ORDER**

1. The magistrate judge's recommendation, ECF No. 61, is ACCEPTED AND ADOPTED.

2. Defendants' motion to dismiss or, alternatively, for summary judgment, ECF No. 50, is GRANTED IN PART AND DENIED IN PART.  It is granted as to plaintiff's claims against the individual defendants in their official capacities and as to plaintiff's claims against the Sheriff's Office.  Those claims are dismissed with prejudice.  It is denied as to plaintiff's claims against the individual defendants in their individual capacities and as to defendants' alternative motion for summary judgment.

3. Plaintiff's request for a status report, ECF No. 32, is MOOT.

4. The Court requests that the parties confer and attempt to agree on a schedule and submit a proposed scheduling order no later than 30 days from this date.  Please email the proposed order to Jackson_Chambers@cod.uscourts.gov in Word format and efile into CM/ECF.  Without holding a Scheduling Conference, the Court will review and enter the order making such rulings as are appropriate and will provide the parties with potential trial preparation conference and trial dates for you to choose from.  The proposed scheduling order should be

prepared as described in the local rules.  A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Courts website www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx.

DATED this 23rd day of November, 2021.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
Senior United States District Judge