**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

## ANSWER

Defendants, **JACOB CORDOVA, ANDREW BUEN, NICK DIBIASI,** and **JEFF SMITH**, through undersigned counsel, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 8 and 12, hereby answer and respond to Plaintiff's Prisoner Complaint ("Complaint") [Doc. No. 8] as follows:

### ANSWER

1.    With respect to the information set forth in section "A. Plaintiff Information" of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the veracity of that information and, as such, deny same.

2.    With respect to the information and allegations set forth in section "B. Defendant(s) Information" of the Complaint, Defendants admit that at all times as alleged in the Complaint, they were deputies and employees of the Clear Creek County Sheriff's Office, located

at 405 Argentine Street, Georgetown, Colorado 80444. Defendants admit that they were acting under the color of state law at all times. Defendants admit that they are being sued only in their individual capacities as all claims in their official capacities have been dismissed. Defendants deny all remaining allegations in this section of the Complaint.

3. With respect to the information and allegations set forth in section "C. Jurisdiction" of the Complaint, Defendants do not contest jurisdiction at this time.

4. With respect to the allegations set forth in section "D. Statement of Claims" within "Claim One" of the Complaint, Defendant Cordova admits the following allegations: (a) on May 15, 2019, he assisted Plaintiff in preparation for a court appearance; (b) Defendant Cordova secured handcuffs on Plaintiff; (c) Defendant Cordova placed a set of leg shackles on Plaintiff; (d) Plaintiff complained when the leg shackles were applied; and (e) Defendant Cordova assisted in restraining Plaintiff. Defendants deny the remaining allegations in this section of the Complaint.

5. With respect to the allegations set forth in section "D. Statement of Claims" within "Claim Two" of the Complaint, Defendant Buen admits the following allegations: (a) Defendant Buen was present while Plaintiff was being prepared for transport for court; and (b) he assisted in restraining Plaintiff. Defendants deny the remaining allegations in this section of the Complaint.

6. With respect to the allegations set forth in section "D. Statement of Claims" within "Claim 3" of the Complaint, Defendant Dibiasi admits the following allegations: (a) Defendant Dibiasi was present while Plaintiff was being prepared for transport for court; and (b) he assisted in restraining Plaintiff. Defendants deny the remaining allegations in said section of the Complaint.

7.  With respect to the allegations set forth in section "D. Statement of Claims" within "Claim 4" of the Complaint, Defendant Smith admits that he has spoken to Plaintiff about the events of May 15, 2019.  Defendants deny the remaining allegations in said section of the Complaint.

8.  With respect to the allegations set forth in section "D. Statement of Claims" within "Claim 5" of the Complaint, Defendants are not required to respond as all claims against the Clear Creek County Sheriff's Office have been dismissed.

9.  With respect to the allegations set forth in the "Additional Facts" section of the Complaint, such do not contain factual allegations but merely list exhibits upon which Plaintiff intends to rely upon and, as such, no response is required.  To the extent that a response is required to these allegations, Defendants deny the same.

10. With respect to the allegations set forth in the "Conclusion" section of the Complaint, Defendants deny all allegations contained in this section.

11. With respect to the information set forth in the "E. Previous Lawsuits" section of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the veracity of these allegations and, as such, deny same.

12. With respect to the information set forth in the "F. Administrative Remedies" section of the Complaint, Defendants admit that a formal grievance procedure existed during the relevant time period at the Clear Creek County Sheriff's Office.  Defendants deny that Plaintiff exhausted his administrative remedies.

13. With respect to the information and allegations set forth in the "G. Request for Relief" section of the Complaint, Defendants deny all allegations contained in this section.

14. Defendants deny all allegations not expressly admitted herein.

## DEFENSES

1. Plaintiff's Complaint fails, at least in part, to state a legally recognized claim for relief as to Defendants.

2. Defendants are immune from Plaintiff's claims for relief based on qualified immunity.

3. Plaintiff has failed to plead a Fourteenth Amendment violation.

4. Plaintiff's alleged damages, if any, were caused by reasons of the Plaintiff's acts and conduct, not by reason of any unconstitutional conduct by Defendants.

5. Defendants at all times exercised their legal rights in a permissible manner.

6. Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff.

7. Plaintiff has failed to reasonably mitigate his alleged damages.

8. Plaintiff failed to exhaust his administrative remedies.

9. Defendants reserve the right to add additional affirmative defenses which are revealed by way of disclosures and discovery.

## REQUEST FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants request that the Court grant relief as follows:

a. dismissing Plaintiff's Complaint with prejudice;

b. entering judgment in favor of Defendants and against Plaintiff for attorney fees expended in defense of this action;

c. entering judgment in favor of Defendants and against Plaintiff for costs; and

    d.    such other and further relief as the Court deems just and proper.

## JURY DEMAND

**DEFENDANTS HEREBY DEMAND THAT THIS CASE BE TRIED TO A JURY PURSUANT TO FED.R.CIV.P. 38.**

Respectfully submitted,

s/ Eric M. Ziporin
*Eric M. Ziporin*
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
Email: eziporin@sgrllc.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day 7th day of December, 2021, I electronically filed a true and correct copy of the above and foregoing with the Clerk of Court using the CM/ECF system. I further certify that I mailed said **ANSWER** to the following non-CM/ECF participant by U.S. Mail, first class postage prepaid:

    Manuel A. Camacho #69393
    Four Mile Correctional Facility D-20-5
    P.O. Box 300
    Canon City, CO  81215

s/ Barbara A. Ortell
Legal Secretary

Answer (01984500).docx