IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Court has not set a Scheduling Conference pursuant to Fed. R. Civ. P. 16(b). [Doc. No. 62]. The parties were ordered to submit a proposed Scheduling Order by December 23, 2021.

### 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). The events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:**

**Defendants:** Defendants deny the substantive allegations in the Complaint. Defendants deny that they used excessive force in violation of the Eighth or Fourteenth Amendments. All force was objectively reasonable and used in response to Plaintiff's resistance and to maintain security within the Clear Creek County Detention Center. Defendants deny that they violated Plaintiff's constitutional rights in any manner. As for defenses, Defendants assert the following: (1) Plaintiff's Complaint fails, at least in part, to state a legally recognized claim for relief as to Defendants; (2) Defendants are immune from Plaintiff's claims for relief based on qualified immunity; (3) Plaintiff has failed to plead a Fourteenth Amendment violation; (4) Plaintiff's alleged damages, if any, were caused by reasons of the Plaintiff's acts and conduct, not by reason of any unconstitutional conduct by Defendants; (5) Defendants at all times exercised their legal rights in a permissible manner; (6) Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff; (7) Plaintiff has failed to reasonably mitigate his alleged damages; (8) Plaintiff failed to exhaust his administrative remedies; and (9) Defendants reserve the right to add additional affirmative defenses which are revealed by way of disclosures and discovery.

## 4. UNDISPUTED FACTS

1. At all times relevant, Defendants were deputies with the Clear Creek County Sheriff's Office acted under the color of state law.

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**

**Defendants:** Defendants do not seek damages but reserve their right to recover attorneys' fees and costs to which they may be entitled.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The Fed. R. Civ. P. 26(f) meeting was conducted via telephone conference between Plaintiff and defense counsel on **December 20, 2021**.

b. Participants in the meeting were as follows:

1. Plaintiff, Manuel Camacho.

2. Eric M. Ziporin of SGR, LLC for Defendants;

c. The parties will make their Rule 26(a)(1) disclosures on or before **January 20, 2022.**

d. Due to scheduling considerations and the intervening holidays, the parties propose one additional week for initial disclosures, as an alteration to the timing of the disclosures under Fed. R. Civ. P. 26(a)(1).

e. The parties have not agreed to conduct informal discovery.

f. The parties agree to take all reasonable steps to reduce costs to discovery, including using a unified exhibit numbering system.

g. The parties anticipate that their claims or defenses will involve the discovery of minimal electronically stored information. To the extent that discovery or disclosures involves information or records in electronic form, the Parties will take steps to preserve that information. The Parties agree that, to the extent feasible, the Parties will exchange information (whether in paper or electronic form) in PDF format.

h. The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution, but at this juncture settlement appears premature. The parties will continue to work together in good faith to determine whether the matter can be resolved. To the extent there is a settlement meeting, the parties will report the result of any such

meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.

## 7. CONSENT

The parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

Each side may take up to five depositions, exclusive of experts. Each side may serve twenty-five interrogatories.

b.  Limitations which any party proposes on the length of depositions: The Parties do not propose any modifications to the limitations on the length of depositions. A deposition is limited to one day of seven hours as provided in Fed.R.Civ.P. 30(d)(2).

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission: Each side may serve twenty-five (25) requests for production of documents and twenty-five (25) requests for admission.

d.  Deadline for Interrogatories, Requests for Production of Documents and/or Admissions: The parties propose submission of the written interrogatories at any time after the date of the Scheduling Conference. The last written discovery requests shall not be served upon any adverse party any later than forty-five (45) days prior to discovery cut off.

e.  Other Planning or Discovery Orders

The parties will comply with D.C.COLO.LCIVR. 7.1(a) and the Judge's practice standards for discovery disputes before filing an opposed discovery motion.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **February 7, 2022**.

    b.  Discovery Cut-off:  **June 3, 2022**.

    c.  Dispositive Motion Deadline:  **July 8, 2022**.

d.  **Expert Witness Disclosure:**

    (a)  Plaintiff shall disclose his expert(s) by **March 4, 2022.**

    (b)  Defendants shall disclose their expert(s) by **April 8, 2022.**

    (c)  Plaintiff shall disclose any rebuttal expert(s) by **May 13, 2022**.

        1.  Plaintiff anticipates retaining experts in the following areas:

        2.  Defendants anticipate retaining rebuttal experts to all of Plaintiff's affirmative experts.

    (d)  The Parties agree to limit the number of retained affirmative experts to one per side.

e.  **Identification of Persons to Be Deposed[1]:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Manuel Camacho | TBA | TBA | 7 hours |

## 10. DATES FOR FURTHER CONFERENCES

    a.  Status conferences will be held in this case at the following dates and times: _____.

    b.  A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

---

[1] The Parties reserve the right to take additional depositions of persons identified in the Parties' disclosures, discovery responses and through the course of discovery.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: **None**.

b. The parties anticipate that the jury trial will take five (4) days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439:

Defendants believe that this case may more effectively be tried at the facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476, as the events in this matter are alleged to have occurred in Colorado Springs, Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of <u>good</u> <u>cause</u>.

DATED at Denver, Colorado, this ___ day of _____, 2021.

BY THE COURT:

_____
United States District Judge Brooke Jackson

APPROVED:

/s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 E. Mexico Ave., Ste 700
Denver, CO 80210
303-320-80210
eziporin@sgrllc.com
*Counsel for Defendants*

01990457.DOCX