## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

## MOTION TO COMPEL

---

Defendants, **JACOB CORDOVA, ANDREW BUEN, NICK DIBIASI, JEFF SMITH,** and **CLEAR CREEK COUNTY SHERIFF'S OFFICE,** through undersigned counsel **SGR, LLC** and pursuant to Fed.R.Civ.P. 37(a) and Fed.R.Civ.P. 26(a)(1)(A)(iii) and (C), respectfully move this Court for an Order compelling Plaintiff to respond to Defendants' First Set of Written Discovery Requests to Plaintiff and to provide a computation of each category of his claimed damages to Defendants.

**AS GROUNDS THEREFOR**, Defendants state as follows:

### I. STATEMENT OF CONFERRAL

Pursuant to D.COLO.LCivR. 7.1 and Fed.R.Civ.P. 37(a), counsel for Defendants attempted to confer with Plaintiff, *pro se*, *via* emails and U.S. Mail on March 17, and April 4,

2022, regarding the relief requested by this Motion. Plaintiff has not responded to Defendants attempts to confer. On April 11, 2022, counsel for Defendants contacted this Court's chambers to initiate the discovery dispute procedure. This Court's law clerk informed counsel that adherence to the discovery dispute procedure was not necessary in this circumstance, and Defendants had leave to file this Motion. Because Defendants have been unable to confer with Plaintiff regarding the relief requested by this Motion, despite their attempts to do so, Plaintiff's position regarding this Motion is unknown.

## II.    ARGUMENT

1. On February 9, 2022, Defendants served upon Plaintiff Defendants' First Set of Written Discovery Requests to Plaintiff (the "Discovery Requests"). *See* Defendants' First Set of Written Discovery Requests to Plaintiff ("**Exhibit A**").

2. Therefore, Plaintiff's Responses to Defendants' Discovery Requests were due to Defendants no later than March 11, 2022.

3. Plaintiff failed to respond to Defendants' Discovery Requests, including Defendants' Requests for Admission.

4. On March 17, 2022, counsel for Defendants contacted Plaintiff *via* email and U.S. Mail requesting that Plaintiff respond to Defendants' discovery requests and reminding him of his obligation to provide a computation of each category of his claimed damages pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii)[1]. *See* March 17, 2022, Correspondence ("**Exhibit B**").

---

[1] On January 6, 2022, the Honorable Judge Brooke Jackson issued the Scheduling Order in this case, with a redlined version attached indicating his revisions made and providing guidance on a number of issues therein. [Doc. No. 65-1]. In the redlined version of the Scheduling Order, Judge Jackson reminded Plaintiff of his obligation to provide Defendants with a computation of each category of his claimed damages. Judge Jackson informed Plaintiff that his failure to do so could bar Plaintiff's recovery of economic damages. Plaintiff has failed to provide a computation of his damages pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii) and as ordered by the Court.

5. Plaintiff did not respond to Defendants' correspondence, nor did he provide his responses to Defendants' discovery requests or a computation of each category of his claimed damages.

6. On April 4, 2022, counsel for Defendants again contacted Plaintiff *via* email and U.S. Mail requesting that Plaintiff respond to Defendants' discovery requests and that he provide a computation of each category of his claimed damages. The correspondences informed Plaintiff that his failure to respond by April 11, 2022, would require that Defendants' counsel seek court intervention. *See* April 4, 2022, Correspondence ("**Exhibit C**").

7. Again, Plaintiff failed to respond to Defendants' correspondence or to provide the requested material.

8. To date, Plaintiff has not provided any answers or responsive material to Defendants' discovery requests or a computation of each category of his claimed damages, nor has he provided Defendants with any justification regarding his failure to do so.

9. "Fed.R.Civ.P. 37 permits a party to move for an order compelling discovery if the party to whom the discovery is directed fails to answer an interrogatory or to respond to a document request. Fed.R.Civ.P. 37 also permits the court, on motion, to order sanctions if 'a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.'" *Bracken v. BSN Medical, Inc.*, 2008 WL 4950971, *1 (D.Kan. 2008) (quoting Fed.R.Civ.P. 37(d)(1)(A)).

10. Control of discovery is entrusted to the sound discretion of the trial courts. *See Punt v. Kelly*, 862 F.3d 1040, 1047 (10th Cir. 2017).

3

11. Plaintiff's failure to respond to Defendants' discovery requests or to provide a computation of each category of his claimed damages is preventing the parties from securing the just, speedy, and inexpensive determination of this matter. *See* Fed.R.Civ.P. 1.

12. Because Plaintiff has failed to respond to Defendants' discovery requests, for which responses were due more than one month ago, and because Plaintiff has failed to provide a computation of each category of his claimed damages pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii) and (C), an Order compelling Plaintiff to do so, and an award of Defendants' fees and costs associated with obtaining the requested relief, is appropriate.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order compelling Plaintiff to respond to Defendants' First Set of Written Discovery Requests to Plaintiff and to provide a computation of each category of his claimed damages Fed.R.Civ.P. 26(a)(1)(A)(iii), within seven days, and award Defendants their costs and attorney fees incurred in trying to obtain the requested material.

Respectfully submitted,

/s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210


/s/ Alex M. Pass
***Alex M. Pass***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210

*Attorneys for Defendants Cordova, Buen, Dibiasi, and Clear Creek County Sheriff's Office*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of April, 2022, I electronically filed a true and correct copy of the above and foregoing **MOTION TO COMPEL** with the Clerk of Court using the CM/ECF system.  I further certify that I mailed and emailed said **MOTION TO COMPEL** to the following non-CM/ECF participant by U.S. Mail, first class postage prepaid:

Manuel A. Camacho
5904 Oneida Street
Commerce City, CO  80022
Email:  Mannylove303@gmail.com


s/ Barbara A. Ortell
Barbara A. Ortell
Legal Secretary

02029415.DOCX

5