**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

---

Defendants, **JACOB CORDOVA**, **ANDREW BUEN**, **NICK DIBIASI**, **JEFF SMITH**, and **CLEAR CREEK COUNTY SHERIFF'S OFFICE**, through undersigned counsel **SGR, LLC** and pursuant to Fed.R.Civ.P. 6(b)(1)(a), hereby submit their motion to amend the Scheduling Order.

**AS GROUNDS THEREFOR**, Defendants state as follows:

### I.    STATEMENT OF CONFERRAL

Upon information and belief, Plaintiff, *pro se*, is currently incarcerated in the Arapahoe County Detention Facility. Pursuant to D.COLO.LCiv.R. 7.1(b)(1), Defendants were not required to confer with Plaintiff prior to filing this Motion.

## II.     MOTION

1. On February 9, 2022, Defendants served upon Plaintiff Defendants' First Set of Written Discovery Requests to Plaintiff (the "Discovery Requests"). *See* Defendants' First Set of Written Discovery Requests to Plaintiff ("**Exhibit A**").

2. Therefore, Plaintiff's responses to Defendants' discovery requests were due to Defendants no later than March 11, 2022.

3. Plaintiff has failed to respond to Defendants' discovery requests, including Defendants' Requests for Admission.

4. On March 17, 2022, counsel for Defendants contacted Plaintiff *via* email and U.S. Mail requesting that Plaintiff respond to Defendants' discovery requests and reminding him of his obligation to provide a computation of each category of his claimed damages pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii).[1] *See* March 17, 2022, Correspondence ("**Exhibit B**").

5. Plaintiff did not respond to Defendants' correspondence, nor did he provide his responses to Defendants' discovery requests or a computation of each category of his claimed damages.

6. On April 4, 2022, counsel for Defendants again contacted Plaintiff *via* email and U.S. Mail requesting that Plaintiff respond to Defendants' discovery requests and that he provide a computation of each category of his claimed damages. The correspondences informed Plaintiff

---

[1] On January 6, 2022, the Honorable Judge Brooke Jackson issued the Scheduling Order in this case, with a redlined version attached indicating his revisions made and providing guidance on a number of issues therein. [Doc. No. 65-1]. In the redlined version of the Scheduling Order, Judge Jackson reminded Plaintiff of his obligation to provide Defendants with a computation of each category of his claimed damages. Judge Jackson informed Plaintiff that his failure to do so could bar Plaintiff's recovery of economic damages. Plaintiff has failed to provide a computation of his damages pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii) and as ordered by the Court.

that his failure to respond by April 11, 2022, would require that Defendants' counsel seek court intervention. *See* April 4, 2022, Correspondence ("**Exhibit C**").

7. Again, Plaintiff failed to respond to Defendants' correspondence or to provide the requested material.

8. To date, Plaintiff has not provided any answers or responsive material to Defendants' discovery requests or a computation of each category of his claimed damages.

9. On April 14, 2022, Defendants filed a Motion to Compel, seeking an Order from the Court ordering Plaintiff to respond to Defendants' discovery requests and to provide a computation of his alleged damages. *See* ECF 69. The Motion to Compel was referred to Magistrate Judge Crews and is currently pending before him.

10. At no time has Plaintiff updated his address or contact information with this Court, as required by the Rules.[2]

11. Defendants plan to file a motion to dismiss pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute. However, prior to the submission of that motion, Defendants seek to amend the Scheduling Order in order to extend the discovery deadline currently set to expire June 3, 2022 as well as the dispositive motion deadline currently set for July 8, 2022.

12. Control of discovery is entrusted to the sound discretion of the trial courts. *See Punt v. Kelly*, 862 F.3d 1040, 1047 (10th Cir. 2017).

---

[2] In late May 2022, Defendants' counsel received a letter from Plaintiff indicating that he is currently incarcerated in the Arapahoe County Detention Facility. The letter further indicates that he has filed (1) Change of Address; (2) Request for Pro Bono Assistance; and (3) Motion for Extension of Time/Status. Defendants have not received any of the alleged motions either through ECF or any other means.

13. Defendants respectfully request that the Court enter an Order extending Defendants' discovery deadline an additional 60 days, up to and including August 2, 2022, in order for Defendants to attempt to complete discovery in this matter – should it be necessary.

14. Defendants also respectfully request that the Court enter an Order extending the dispositive motion deadline an additional 60 days or up to and including September 6, 2022.

15. This is Defendants' first request to extend the discovery and dispositive motion deadlines in this matter.

16. Plaintiff will not be prejudiced if this Motion is granted as trial is not set to commence until February 27, 2023.

17. Due to Plaintiff's failure to respond to Defendants' discovery requests and Defendants' inability to correspond with Plaintiff in order to schedule his deposition, Defendants will be prejudiced if this Motion is not granted

18. Undersigned counsel certify that they are serving a copy of this motion on their clients upon filing in accordance with D.C.COLO.LCiv.R. 6.1(c).

**WHEREFORE**, Defendants respectfully request that the Court enter an Order extending the discovery deadline an additional 60 days, up to and including August 2, 2022, for Defendants to complete Discovery, as well as extending the dispositive motion deadline to September 6, 2022

Respectfully submitted,

/s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210

/s/ Alex M. Pass
***Alex M. Pass***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210

*Attorneys for Defendants Cordova, Buen, Dibiasi, and Clear Creek County Sheriff's Office*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of June, 2022, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER** with the Clerk of Court using the CM/ECF system.  I further certify that I emailed said **DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER** to the following non-CM/ECF participant:

Manuel A. Camacho
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155-4198
Email:  Mannylove303@gmail.com

s/ Barbara A. Ortell
Barbara A. Ortell
Legal Secretary