**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

      Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

      Defendants.

---

**DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF**

---

Defendants, **JACOB CORDOVA**, **ANDREW BUEN**, **NICK DIBIASE** (incorrectly listed in caption as "DIBIASI"), and **JEFF SMITH**, through undersigned counsel, **SGR, LLC**, hereby submit their First Set of Written Discovery Requests to Plaintiff Manuel Alejandro Camacho pursuant to Fed.R.Civ.P. 26, 33, 34, and 36 as follows:

**I.**      **DEFINITIONS**

1.     "Documents" means documents in the broadest sense and includes, without limitation, written material of whatever kind or nature, whether typed, printed, handwritten or otherwise produced including, without limitation, letters, memoranda, notes, photographs, photostats, photocopies, audio or video recordings, and electronic data compilations, including

EXHIBIT A

computerized files, database records, "voicemail" or "phone-email" recordings, and "electronic mail" or "e-mail" messages, however stored, kept, or maintained.

2.      "Incident" means Defendants' contact with Plaintiff on May 15, 2019, that is the subject matter of Plaintiff's Complaint.

3.      "Identify," when used in regard to a person, means to state that person's full name, last known address, and telephone number.

4.      "Identify," when referring to a document or writing, means to give sufficient characterization of said document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 34 of the Federal Rules of Civil Procedure.

5.      "Person" means a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

6.      "Relating to," "relates to," related to," or "concerning," or any derivation of the foregoing phrases and terms, mean constituting, evidencing, describing, regarding, or referring to.

7.      "Describe" means to provide detailed information relating to the subject matter of the interrogatory, including, but without limitation, identification of persons who participated, witnessed, or have knowledge of the subject matter; events, incidents, statements, or documents; and the dates, approximate dates or period of time relating to the subject matter.

8.      "You or anyone acting on your behalf" includes "you," your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

## II.   <u>INSTRUCTIONS</u>

1.     Each interrogatory and request for production of documents set forth in these discovery requests should be answered separately and fully in writing, under oath, within thirty (30) days of service in accordance with the Federal Rules of Civil Procedure.

2.     Pursuant to Rule 34, you shall, within thirty (30) days, produce the documents requested for inspection and copying at the offices of undersigned counsel unless another location is agreed upon.

3.     In responding to these discovery requests, please restate in full the interrogatory or request for production to which each response relates.

4.     If any document requested was in existence or available to you but no longer is in existence or available to you, then, with respect to each such document, please:

(a)     Describe the nature of the document (letter, memorandum, etc.);

(b)     State the date of the document;

(c)     Identify the person or persons who sent and received the original and copies of the document;

(d)     State in as much detail as possible the contents of the document;

(e)     State the circumstances under which the document was lost, destroyed, or otherwise became unavailable.

5.     An answer or other appropriate response must be given to each discovery request.  If there is any discovery request that you cannot answer in its entirety, or for which you cannot provide the exact information requested, please:

(a)     Answer all of the discovery requests to which you have or can obtain the information requested, and provide the information requested to the extent you know or can obtain the information;

(b)     Provide your most complete account of all information requested which you do not know and cannot obtain, including but not limited to, any names or dates for which you lack exact information;

(c)     Describe in detail the basis of this information;

(d)     Identify each document, person or communication upon which information is based as the word "identify" as defined above.

6.      When producing documents, please segregate the documents according to the specific request for documents to which they are responsive.  If a document is responsive to more than one request for document, it need only be produced once.

7.      If you withhold any document as privileged, please provide a privilege log containing the date or approximate date of the document; the name of the person who prepared the document, and, if different, of the person who signed the document; the name of the person(s) to whom the document or copies of the document were directed; a general description of the subject matter(s) to which the document relates, and the grounds upon which the document has been withheld.

8.      Your responses to these requests for admission and interrogatories must be signed, under oath, by the person making them. All objections must be signed by the attorney making them.

### III.   <u>INTERROGATORIES</u>

1.      State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories (do not identify anyone who simply typed or reproduced the responses).

2.      Describe in detail the damages you claim to have sustained as a result of the Incident, including a detailed description of:

    (a)      each category of damages claimed (e.g., medical bills, out of pocket expenses, wage loss, lifetime earnings, pain and suffering, etc.);

    (b)      the computation of the monetary amount of economic damages claimed;

    (c)      a description of how the amounts were calculated; and

    (d)      specific identification of all data or other evidentiary material on which each computation is based, including the material bearing on the nature and extent of injuries suffered and damages claimed.

3.      At any time before the Incident, did you have complaints or injuries of the kind for which you claim damages in this action? If so, for each state a description; the dates it began and ended; and the name, address, and telephone number of each Health Care Provider with whom you consulted or who examined or treated you for those complaints or injuries. This includes, but is not limited to, medical treatment related to your wrists, arms, shoulders, legs, ankles, feet, heart, lungs and circulatory system.

4.      Identify every Health Care Provider or Mental Health Care Provider who treated and/or consulted with you within the fifteen (15) years immediately preceding the Incident, including surgical procedures and treatment for any mental or physical condition, and state all facts

relating to the consultation or treatment, including the dates of consultation and/or treatment, medication or therapies prescribed, until the present, pertaining to consultation, treatment, and medication.

5.      Has any health care provider advised that you may require future or additional treatment for any injuries that you attribute to the incident? If so, for each injury state:

(a)      the name and address of each health care provider;

(b)      the complaints for which the treatment was advised; and

(c)      the nature, duration, and estimated cost of the treatment.

6.      If you are claiming lost income or future loss of income, identify and describe your employment history for the twenty (20) years to the present, including but not limited to:

(a)      any and all employers;

(b)      dates employed by any and all employers;

(c)      position held with any and all employers; and

(d)      reason for leaving employment with any and all employers.

7.      If you were ever involved in any other civil or criminal legal action, either as a plaintiff, claimant, or defendant, identify the jurisdiction in which each legal action was filed, the case name and number of each legal action, describe the nature of each legal action, and the resolution of each legal action, including any criminal convictions.

8.      For any crime for which you were charged and/or entered a plea of guilty, nolo contendere, and/or was convicted, provide the following information:

(a)      date of the criminal incident;

(b)      date of conviction;

6

(c)     jurisdiction/court;

(d)     case number; and

(e)     charge and sentence.

9.     Identify every penal or detention facility or institution in which you have been incarcerated, including but not limited to juvenile detention facilities, county and municipal jails, state and federal prisons, mental health institutions, community corrections facilities and halfway homes. For each facility or institution, please provide the following information:

(a)     the name of the facility or institution;

(b)     the date or dates of your incarceration;

(c)     your detainee or inmate identification number or other identifier.

10.     Were you incarcerated at the time of the filing of your Amended Prisoner Complaint and, if so, in what facility or institution were you incarcerated?

11.     Have you ever faced disciplinary action and/or been disciplined while incarcerated in a penal or detention facility or institution? If so, please provide the following:

(a)     the facility or institution in which you were incarcerated when you faced disciplinary action or were disciplined;

(b)     the policy and/or rule you were alleged or found to have violated;

(c)     the reprimand issued, or the discipline and/or sanction imposed.

12.     Describe in detail how Deputy Cordova personally participated in the alleged violation(s) of your constitutional rights.

13.     Describe in detail how Deputy Buen personally participated in the alleged violation(s) of your constitutional rights.

14.    Describe in detail how Deputy Dibiase personally participated in the alleged violation(s) of your constitutional rights.

15.    Describe in detail how Captain Smith personally participated in the alleged violation(s) of your constitutional rights.

16.    For mandatory Medicare/Medicaid reporting purposes, please state:

(a)    your social security number;

(b)    whether you are now or whether you have ever applied for or been eligible for Medicare and/or Medicaid benefits;

(c)    your full name on any and all Medicare/Medicaid claims or accounts;

(d)    your Medicare/Medicaid account or claim numbers;

(e)    the inclusive dates of the existence of your Medicare/Medicaid claims or accounts;

(f)    all health care expenses paid by Medicare/Medicaid;

(g)    each and every Medicare/Medicaid payment you have received and/or which has been made on your behalf;

(h)    the amount of damages you claim as a result of the Incident;

(i)    all medical providers from whom you have received treatment as a result of the Incident;

(j)    all of your previous employers for the past ten years (from the date of these Interrogatories); and

(k)    describe in detail all of your efforts and the efforts of anyone acting on your behalf to investigate and complete due diligence in determining your answers to subparagraphs (b) through (g) of this Interrogatory.

8

## IV.     REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce any and all documents and other tangible things supporting your answers to the above Interrogatories, including any documents referenced or relied upon in answering any Interrogatory.

2.      Produce any and all documents and other tangible things that are related to or relevant to any allegation in the Complaint, including any written statements concerning the Incident.

3.      Produce all records pertaining to any expenses you incurred due to the Incident, including, but not limited to, medical expenses, out-of-pocket expenses, co-pays, mileage, over the counter medications, and/or medical supplies.

4.      Produce all records pertaining to any medical, mental health, or substance abuse treatment you received during the ten years preceding the Incident and provide a notarized signature for the release of medical information appended hereto.

5.      Produce complete records from all physical or mental health care providers you have seen for treatment or consultation related to any complaints that are the same as or similar to those alleged in your complaint and/or involve the same parts of your body that you allege were injured as a result of the Incident.

6.      Produce complete records from all physical or mental health care providers you have seen for treatment or consultation related to injuries, conditions, and/or exacerbations thereof sustained in any accident or incident that occurred *before* the Incident.

7.      Produce complete records from all physical or mental health care providers you have seen for treatment or consultation related to injuries, conditions, and/or exacerbations thereof which you allege were caused by the Incident.

8.      Please produce complete records from all physical or mental health care providers you have seen for treatment or consultation related to injuries, conditions, and/or exacerbations thereof sustained in any accident or incident that occurred *after* the Incident.

9.      If you are making a claim for loss of income or future loss of income, produce all employment records pertaining to any employment you have held within the ten years preceding the Incident, including, but not limited to, hiring and separation, attendance, days worked, sick days taken, and vacation days taken (both paid and non-paid), and provide a notarized signature for the release of employment information appended hereto.

10.     If you are making a claim for loss of income or future loss of income, produce all income tax returns (both state and federal) and all W-2 statements pertaining to any income you have received within the ten years preceding the Incident.[1]

11.     Produce copies of any liens held by any insurance companies or other entities with respect to benefits paid as a result of the Incident and documents reflecting assignments of any such liens.

12.     Produce any video footage or audio footage of the Incident that you may have—or have knowledge of—which has not already been produced.

---

[1] If you do not possess some or all of the necessary documentation, you can request your tax return transcript and wage and income transcript via the following link: https://www.irs.gov/individuals/get-transcript

13.     Produce copies of all expert reports/opinions, curriculum vitae or professional resumes, and any file materials of any expert witness retained by you to render an opinion with regard to any allegations contained in your Complaint, including any and all documents, materials, texts, articles, publications, and/or authorities relied upon by each such expert in rendering his/her opinion, all correspondence between you, your attorney(s) and the retained expert(s), and the expert's personal notes.

14.     Produce your entire Department of Corrections ("DOC") file and/or records.

## V.     REQUESTS FOR ADMISSION

1.     Admit you are not making a claim for lost income.

2.     Admit you are not making a claim for loss of future income.

3.     Admit that you were incarcerated at the time of the filing of your Amended Prisoner Complaint.

4.     Admit that your alleged physical injuries were preexisting and did not result from the Incident.

5.     Admit that you were not physically injured as a result of the Incident.

These Interrogatories, Requests for Production of Documents, and Requests for Admission are deemed continuing. If any information sought by said Interrogatories, Requests for Production of Documents, and Requests for Admission is not learned until after the Interrogatories are answered and Requests for Production of Documents are provided, or if answers for any reason should later become incorrect, there shall be a continuing duty on the party answering said Interrogatories and Requests for Production of Documents to supplement or change the answers previously submitted pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Respectfully submitted,


s/ Eric M. Ziporin

**_Eric M. Ziporin_**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  303-320-0509
Email:  eziporin@sgrllc.com
_Counsel for Defendants_




## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of February, 2022, I electronically served a true and correct copy of the above and foregoing **DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFF** via email on the following:

Manuel A. Camacho
Mannylove303@gmail.com


s/   Barbara A. Ortell
Legal Secretary

02004711.DOCX