**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO PROSECUTE**

---

Defendants, **JACOB CORDOVA**, **ANDREW BUEN**, **NICK DIBIASE**, and **JEFF SMITH** (collectively "Defendants"), by and through their attorneys, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 7(b) and 41(b), hereby submit their Motion to Dismiss Due to Plaintiff's Failure to Prosecute.

**AS GROUNDS THEREFOR**, Defendants state the following:

**STATEMENT OF CONFERRAL**

Upon information and belief, Plaintiff, *pro se*, is incarcerated in Cañon City, Colorado. Pursuant to D.C.COLO.LCiv.R 7.1(b)(1), Defendants were not required to confer with Plaintiff before filing this motion.

## I. INTRODUCTION

This motion is the result of Plaintiff's repeated failure to comply with the discovery obligations set forth in the Federal Rules of Civil Procedure. Plaintiff's failure to abide by these obligations is culpable conduct which has prejudiced Defendants and interfered with the judicial process. The Court has warned Plaintiff that such actions may lead to dismissal, and no sanction short of dismissal is likely to resolve the issue. Because of the above, Defendants move to dismiss Plaintiff's remaining claims under Fed.R.Civ.P. 41(b).[1]

## II. FACTUAL BACKGROUND

1. On December 17, 2020, Plaintiff filed his initial Complaint. [Dkt. 1].

2. On June 21, 2021, Plaintiff filed a Notification / Change of Address indicating that the Colorado Department of Corrections ("DOC") had discharged his sentence. He provided a Commerce City address ("Oneida address") for physical mail and a Gmail address for email. [Dkt. 56].[2]

3. On January 6, 2022, the Court reviewed the Scheduling Order. Plaintiff made no statement of claims, included no computation of damages, and did not disclose any intended depositions.[3] [Dkt. 65, pp. 10, 11, 13-14].

---

[1] Only claims against Defendants in their individual capacities remain. [Dkt. 62].

[2] Plaintiff's next notification for change of address does not occur until June 23, 2022. [Dkt. 78].

[3] At that time, the Court called Plaintiff's attention to Rule 26(a)(1)(A)(iii) and (C) of the Federal Rules of Civil Procedure. The Court explained that these rules require the claiming party to provide a computation of each category of damages within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. Plaintiff was advised that this Court applies that rule to economic damages, and that his failure to provide a timely computation of damages could bar any recovery of economic damages. The Court added that "[P]laintiff has an obligation to know and comply with the rules." [Dkt. 65, p. 11].

4. Plaintiff did not make any disclosures pursuant to Fed.R.Civ.P 26(a)(1). The disclosures were due by January 20, 2022. [*See* Dkt. 65, p. 11]. He also provided no computation of economic damages, despite the Court's advisement that failure to do so may bar recovery.

5. On February 9, 2022, Defendants served Plaintiff with written discovery *via* email to his Gmail address. [Dkt. 69, pp. 6-17].

6. On March 17, 2022, Defendants sent second copies of written discovery to Plaintiff *via* U.S. mail to the Oneida address and *via* email to his Gmail address. [Dkt. 69, pp. 18-19].

7. On April 4, 2022, Defendants sent third copies of written discovery to Plaintiff *via* U.S. mail to the Oneida address and *via* email to his Gmail address. [Dkt. 69, pp. 20-21].

8. On April 14, 2022, Defendants filed a Motion to Compel under Fed.R.Civ.P. 37 because they had received no response to their written discovery. [Dkt. 69].

9. On June 17, 2022, Defendants filed a Letter of Notice of Intent to File for Summary Judgment. Therein, Defendants conveyed that they had not received discovery materials and would need those materials to determine whether there were any genuine disputes of material fact. They additionally noted their intention to file a Motion to Dismiss for Failure to Prosecute. [Dkt. 73].

10. On June 23, 2022, the Court granted Defendants' motion to compel, ordering Plaintiff "to respond to Defendants' First Set of Written Discovery and provide a computation of his damages to Defendants no later than July 7, 2022." The Court added that, "Plaintiff is warned that failure to comply with this ORDER may result in the Court recommending this case be dismissed for failure to participate in discovery and/or failure to prosecute." [Dkt. 76].

11. Also on June 23, 2022, Plaintiff filed a Motion for Status, saying he had written multiple motions as of recent, however he had not received any response. [Dkt. 79].

12. On July 18, 2022, Defendants had still not received discovery materials and filed Notice of Plaintiff's Failure to Comply with the Court's Order Issued on June 23, 2022. [Dkt. 85].

13. On July 28, 2022, Plaintiff filed another Motion Requesting Status. Therein, he noted that he was again incarcerated and described hardships he had endured in the past months. He also asserted that he "never received anything from the [Oneida address] prior to [May 5, 2022]," and described the Oneida address as a "solid mailing address." [Dkt. 86].

14. On August 1, 2022, the Court granted Plaintiff's motion requesting status with the following:

> The status includes the fact that you have not responded to defendants' discovery. The magistrate judge ordered that you respond by July 7, 2022. See ECF No. 76, order issued on June 23, 2022. *You were warned at that time that failure to respond to the discovery may result in the magistrate judge's recommending that that case be dismissed for failure to prosecute.* You have failed to respond. Your explanation is that your legal papers were lost to you when your vehicle was impounded, and that you have not been receiving defendants' mailings because defense counsel has not been addressing their envelopes with an attorneys name and bar number. I will give you the benefit of the doubt and assume that what you are saying is true, and that the reason you continue to fail to respond to discovery is that you do not have their discovery questions. Counsel are directed to send you another set in an envelope clearly marked as coming from attorneys with bar numbers showing. They should file a certificate of service with the Court. The Court will grant you three weeks plus three days (24 days) from the date of the certificate of service to provide full and complete responses to the discovery questions. For example, if the certificate of service indicates that the documents were mailed to you on August 1, 2022, then you must send out answers stamped to show that your answers have been placed in inmate mail no later than August 25, 2022. *If the Court learns that you still have not responded to the discovery, the Court will dismiss this case without prejudice for failure to prosecute.*

[Dkt. 87 (emphases added)].

15. On August 2, 2022, Defendants filed a Certificate of Service, indicating the written discovery had been served to the Cañon City address, as well as the Oneida address (for a third time). [Dkt. 88].

16. On August 24, 2022, Plaintiff filed a Motion for Extension or Stay. Therein, he requested an additional twenty-one (21) days to respond and noted that the discovery served to the jail had been rejected. He again asserted that he had "never received any prior discovery related documentations from the SGR firm in the past," and requested time "so that I can confer with the defendants' attorneys regarding their 'Discovery Question' and overcome the delay in receiving my legal related materials."[4] [Dkt. 93].

17. On the same day, the Court granted Plaintiff's motion. [Dkt. 94].

18. On August 25, 2022, Defendants filed their Notice of Attempted Service of Discovery. Therein, Defendants described their efforts in delivering discovery to Plaintiff, and they described their efforts at complying with DOC's policy. Defendants conveyed that they had re-sent the discovery to the Cañon City address, in compliance with said policy, as well as the Oneida address (for a fourth time). [Dkt. 95].

19. On September 22, 2022, Defendants filed Notice of Plaintiff's Failure to Serve Written Discovery Responses. Therein, Defendants noted that Plaintiff's deadline to provide a response was September 16, 2022, and that they have received no response. Defendants also noted that written discovery had been sent to the Oneida address four times and reiterated their intention to file a motion for summary judgment, as well as a motion to dismiss for failure to prosecute.

[4] Counsel for Defendants have received no communication from Plaintiff. Counsel received one voicemail from Plaintiff's wife, which they immediately returned. However, this voicemail has not been responded to.

Defendants added that they would be prejudiced should they have to file a motion for summary judgment with no discovery from Plaintiff. [Dkt. 99].

20. Throughout this period, Defendants have filed two motions to amend the Scheduling Order, specifically due to these discovery issues. [Dkt. 71 and 96]. Defendants have filed a third motion to amend contemporaneously with this motion citing the same.

## III. LEGAL STANDARD

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED.R.CIV.P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." FED.R.CIV.P. 41(b).

District Courts ordinarily consider a non-exhaustive list of factors in determining whether to dismiss an action under Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are not necessarily of equal weight. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). Dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *Ecclesiastes 9:10-11-12, INC. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007). Dismissal with prejudice is appropriate where a case involves willfulness, bad faith, or some fault of the party to be sanctioned. *Chavez*, 402 F.3d 1039 at 1044.

This test can be applied to dismiss an action under the Court's inherent authority, without regard to a Rule 37 sanction. *Ecclesiastes*, 497 F.3d at 1143 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct.")). And while the Court affords some liberality to *pro se* plaintiffs, the Tenth Circuit has "repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## IV. ARGUMENT

### A. Defendants Suffer Actual Prejudice from Plaintiff's Failure to Prosecute

When a plaintiff's conduct results in increased costs and delay, and the plaintiff's failure to comply with disclosure and discovery rules creates uncertainty as to how defendants should litigate the case, this factor is satisfied. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *Faircloth v. Hickenlooper*, 758 Fed. App'x 659, 662 (10th Cir. 2018).

Plaintiff's conduct has delayed this case. This matter has now been before the Court for nearly twenty-two months. [*See* Dkt. 1]. Within that period, Defendants have received no discovery from Plaintiff. Defendants have moved to amend the Scheduling Order three times. [*See* Dkt. 71, 96]. Each time, the basis has been Plaintiff's failure to comply with discovery requirements. [*See* Dkt. 71, 96].

Plaintiff's conduct has also increased the cost of defending this case. Counsel have sent written discovery to Plaintiff on five separate occasions. Counsel have filed multiple notices to the Court concerning Plaintiff's failure to comply with discovery. [Dkt. 73, 85, 95, and 99]. Counsel have filed a motion to compel Plaintiff to comply with discovery requirements. [Dkt. 69]. And counsel have filed this motion, specifically due to Plaintiff's failure to comply with discovery

procedures. Counsel have also provided consistent updates to Defendants for all the above. Plaintiff's failure to comply with discovery is increasing the cost to defend this case and further prejudicing Defendants.

Finally, Plaintiff's conduct has created uncertainty as to how Defendants should litigate this case. The Court has previously construed Plaintiff's claims as being brought under the Fourteenth Amendment. [Dkt. 61, p. 8]. To determine whether a use of force is excessive under the Fourteenth Amendment, courts consider three factors, including "the extent of the injury inflicted." *Estate of Booker v. Gomez*, 745 F.3d 405, 423 (10th Cir. 2014).

Here, Defendants' discovery questions specifically address this factor. [Dkt. 69, pp. 10-11, 14-16]. Defendants are unable to discern whether Plaintiff's alleged injury was pre-existing or not; whether there was a diagnosis of said injury or not; and what treatment, if any, Plaintiff has received. Without Plaintiff's discovery responses, Defendants are prejudiced in their ability to argue for dismissal on summary judgment. Because Plaintiff has delayed litigation and increased costs, and because his failure to comply with discovery has created uncertainty as to how Defendants should litigate this case, Plaintiff has prejudiced Defendants.

**B. Plaintiff's Failure to Prosecute Has Interfered with The Judicial Process**

Causing a district court to expend unnecessary resources can establish interference with the judicial process. *Ellis-Hall Consultants, LLC v. Hoffman*, Nos. 20-4040, 20-4041, 20-4045, 2022 WL 3972093, at *5 (10th Cir. Sept. 1, 2022). This factor is satisfied when excessive amounts of time are expended by the opposing party, the court, and other entities involved in the case. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018).

As a direct result of Plaintiff's failure to abide by the discovery rules, Defendants have expended a great deal of time on this case. Counsel for Defendants have drafted multiple follow-up correspondences to Plaintiff requesting discovery. [*See* Dkt. 69, pp. 18-19, 20-21]. Counsel have filed three motions to amend the Scheduling Order. [Dkt. 71, 96]. Counsel have filed a motion to compel. [Dkt. 69]. Counsel have filed four notices. [Dkt. 73, 85, 95, and 99]. Counsel have sent five sets of written discovery to Plaintiff, all requiring consistent updates to their clients which would have not been necessary had Plaintiff complied with his discovery requirements. All of this has required countless hours of work, and it has forced the Court and its staff to handle extraneous filings and motions.

Further, Plaintiff's failure to abide by discovery rules has effectively destroyed the schedule for this case. For these reasons, Plaintiff has interfered with the judicial process.

**C. Plaintiff is Culpable for His Noncompliance with Discovery Obligations**

Establishing culpability requires demonstrating willfulness, bad faith, or some fault rather than just a simple inability to comply. *Ellis-Hall Consultants, LLC v. Hoffman*, Nos. 20-4040, 20-4041, 20-4045, 2022 WL 3972093, at *5 (10th Cir. Sept. 1, 2022). Courts do not simply accept a plaintiff's portrayal of himself as a victim of circumstance but instead look to the plaintiff's actions. *See Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993). For example, culpability is established where plaintiffs received an extension to obtain an attorney and did not, and failed to comply with court orders despite an advisement that they were responsible for doing so. *Id.* Culpability is established where a deported plaintiff is to blame for his removal, based on criminal convictions, misrepresenting his address, and waiting to obtain a visa. *Ali v. Lambert*, No. 20-5084, 2021 WL 3009712, at *4 (10th Cir. July 16, 2021). In contrast, culpability is not established where

a defendant knows that a plaintiff has moved and discovery will take longer than anticipated, the plaintiff makes good-faith efforts to provide partial answers, and the defendant does not take steps to obtain discovery. *Toma v. City of Weatherford*, 846 F.2d 58, 60-61 (10th Cir. 1988).

Here, Plaintiff has repeatedly failed to comply with discovery rules and Court orders, despite multiple advisements from the Court that such failure may adversely impact his case. For example, Plaintiff has made no effort to provide the information required in the Scheduling Order.[5] The Court first advised Plaintiff of consequences for failing to provide a computation of damages in the redlined Scheduling Order. *See* n. 3. Plaintiff received further warning in the Court's order granting Defendants' motion to compel. [Dkt 76]. Despite these warnings, Plaintiff has still not provided Defendants with any computation of damages.

Separately, Plaintiff has made no effort to respond to Defendants' written discovery. Defendants successfully sent copies of written discovery to Plaintiff on four separate occasions. When the Court granted Defendants' motion to compel, it warned Plaintiff that it may suggest dismissal if Plaintiff did not provide responses to written discovery. [Dkt. 76]. The Court provided a second warning when it granted Plaintiff's motion for status. [Dkt. 87]. Even acknowledging that the DOC rejected the first set of written discovery sent to Cañon City, Plaintiff has provided no explanation as to why the three copies sent prior to his incarceration were insufficient, nor has he explained why the one sent afterward has been insufficient. Defendants have received no notice of rejection, and the deadline for Plaintiff to submit his responses is now nearly three weeks passed.

[5] Plaintiff did not provide a statement of claims or a computation of his damages. [Dkt. 65, pp. 10, 11, 13-14].

Plaintiff's inertial stillness toward discovery obligations demonstrates some degree of fault, rather than just a simple inability to comply.

Second, Plaintiff is culpable because he is to blame for delays caused by representations he made about his address. As discussed in *Ali*, there is culpability where a delay is caused when the delaying party makes inaccurate representations about his address. Plaintiff has represented the Oneida address as a "solid address," even while incarcerated. [Dkt. 56; 86, p. 2]. However, Defendants have sent four (4) copies of written discovery to this address.[6] Plaintiff has offered no justification as to why this was not sufficient, instead merely stating that he "never received anything" from the Oneida address "prior to [May 5th]." [Dkt. 86, p. 2]. The record flatly contradicts this.

Third, in contrast to *Weatherford*, Defendants have been aware of Plaintiff's moving; they did not expect discovery to take this long; they have received no partial responses from Plaintiff; and they have made diligent efforts to obtain the sought discovery. As discussed, Defendants sent discovery to the Oneida address, the Cañon City address, and the Gmail address provided by Plaintiff. While Plaintiff was incarcerated when he initially filed suit, he was released in June of 2021. [Dkt. 56]. Defendants provided discovery to the Gmail address and the Oneida address before Plaintiff was again incarcerated. However, he did not respond to these requests.

In June of 2022, Defendants received notification that Plaintiff was again incarcerated. [Dkt. 78]. Defendants continued to attempt to provide him with written discovery. [*See* Dkt. 95, 99]. Plaintiff requested an extension of twenty-one (21) days to respond, which the Court granted.

[6] Defendants sent written discovery to the Oneida address on: (1) March 17, 2022 [Dkt. 69, pp. 18-19]; (2) April 4, 2022 [Dkt. 69, pp. 20-21]; (3) August 2, 2022 [Dkt. 88]; and August 26, 2022 [Dkt. 99, p. 3].

[Dkt. 93 and 94]. However, the period for the twenty-one (21) day extension passed and Defendants have not received even a partial response. Additionally, while Plaintiff noted in his Motion that he was seeking time, "so [he] can confer with the defendants' attorney regarding their 'Discovery Question' and overcome the delay in receiving [his] legal related materials," counsel for Defendants have received no such communication from Plaintiff.

**D. The Court Provided Notice of Potential Dismissal to Plaintiff**

Courts do not apply an exacting standard in determining whether the notice requirement has been met. *Ecclesiastes*, 497 F.3d at 1149. However, the threshold is low. An oral warning to expect a motion to dismiss for failure to cooperate is sufficient to put a plaintiff on notice. *Ehrenhaus*, 965 F.2d 916, 921 (10th Cir. 1992)).

Here, the Court has given Plaintiff abundant notices of adverse consequences for failing to participate. On January 6, 2022, the Court advised Plaintiff that "failure to provide a timely computation of damages . . . could bar any recovery of economic damages." [Dkt. 65, p. 11]. The Court added that "Plaintiff has an obligation to know and comply with the rules." [Dkt. 65, p. 11].

On June 23, 2022, the Court granted Defendants' Motion to Compel. The Court ordered Plaintiff to respond to Defendants' First Set of Written Discovery Responses and provide a computation of his damages no later than July 7, 2022. The Court warned Plaintiff that "failure to comply with this ORDER may result in the Court recommending this case be dismissed for failure to participate in discovery and/or failure to prosecute." [Dkt. 76].

On August 1, 2022, the Court granted Plaintiff's Motion for Status, reiterating a previous warning and issuing a new one:

> You were warned at that time that failure to respond to the discovery may result in the magistrate judge's recommending that that case be dismissed for failure to prosecute . . . If the Court learns that you still have not responded to the discovery, the Court will dismiss this case without prejudice for failure to prosecute.

[Dkt. 87]. Plaintiff has been on notice that a failure to participate in discovery or prosecute may result in adverse consequences and even dismissal.

**E. Lesser Sanctions Are Unlikely to Resolve This Issue**

Here, no sanction short of dismissal will adequately address Plaintiff's failure to prosecute. FED.R.CIV.P. 37(b)(2)(A)(i)-(vii) provides several possible sanctions for violating discovery. These include: "directing that matters embraced . . . or other designated facts be taken as established for purposes of the action, as the prevailing party claims;" "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" "striking pleadings in whole or in part;" "staying proceedings until the order is obeyed;" "rendering a default judgment against the disobedient party;" and "treating as contempt of court the failure to obey any order . . . ." FED.R.CIV.P. 37(b)(2)(A)(i)-(vii). However, nearly all provide either no utility or would otherwise still lead to dismissal of this case.

For example, directing that matters be taken as established, as the Defendants claim, would lead to Defendants filing a Motion for Summary Judgment that could not be contested. Such action would further prejudice Defendants due to the time and cost associated with said motion, and it would further interfere with the judicial process. Prohibiting Plaintiff from supporting or opposing claims, or introducing certain evidence, may implicate constitutional fairness concerns, as there are multiple Defendants. The same concerns exist for striking pleadings. A stay of proceedings would only serve to further deprive Defendants of a "just, speedy, and inexpensive determination."

FED.R.CIV.P. 1. And civil contempt of court is a remedial act intended to coerce a party to do something. *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441-42 (1911). Here, the Court has firmly tried to redirect Plaintiff's behavior with Plaintiff taking no corrective action. At this juncture, dismissal is the appropriate sanction.

**WHEREFORE,** Defendants respectfully request this Court dismiss with prejudice Plaintiff's remaining claims against Defendants Cordova, Buen, Smith, and Dibiase given Plaintiff's failure to prosecute.

Respectfully submitted,

/s/ Eric M. Ziporin
***Eric M. Ziporin***

/s/ Justin A. Twardowski
***Justin A. Twardowski***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile: (303) 320-0210

*Attorney for Defendants Cordova, Buen, Dibiase, and Smith*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 4th day of October, 2022, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO PROSECUTE** with the Clerk of Court using the CM/ECF system. I further certify that I mailed said document to the following non-CM/ECF participant by U.S. Mail, first class postage prepaid:

Manuel A. Camacho *via U.S. Mail*
5904 Oneida Street
Commerce City, CO 80022

Manuel A. Camacho *via U.S. Mail*
Register No. 69393
Unit: C-2L-2
Box No. 300
Canon City, CO 81215

Email: Mannylove303@gmail.com *via email*

s/ Barbara A. Ortell
Barbara A. Ortell
Legal Secretary

02116772.DOCX