# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF DISMISSAL DUE TO PLAINTIFF'S FAILURE TO PROSECUTE

Defendants, **JACOB CORDOVA**, **ANDREW BUEN**, **NICK DIBIASE**, **JEFF SMITH**, and **CLEAR CREEK COUNTY SHERIFF'S OFFICE** ("Defendants"), by and through their attorneys, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 7(b) and 41(b), hereby submit their Reply in Support of Dismissal Due to Plaintiff's Failure to Prosecute.

**AS GROUNDS THEREFOR**, Defendants state the following:

### STATEMENT OF CONFERRAL

Upon information and belief, Plaintiff, *pro se*, is incarcerated in Cañon City, Colorado. Pursuant to D.C.COLO.LCivR 7.1(b)(1), Defendants were not required to confer with Plaintiff before filing this motion.

I.  INTRODUCTION

Plaintiff's Motion Objecting to Defendants' Motion to Dismiss Due to Plaintiff's Failure to Prosecute ("Response") does not attempt to rebut four of the five *Ehrenhaus* factors.[1] To the extent Plaintiff's Response addresses the *Ehrenhaus* factors, it speaks only to culpability. However, Plaintiff's culpability arguments do not justify his failure to prosecute before incarceration. And Plaintiff's late and incomplete discovery responses, served during the pendency of these motions, only demonstrate his continued culpability. His incomplete discovery responses further support dismissal under *Ehrenhaus*, as Defendants anticipate that they will have to file discovery motions, continuing to prejudice them and continuing to interfere with the judicial economy.

II.  ARGUMENT

**A. Plaintiff does not rebut Defendants' *Ehrenhaus* argument.**

Plaintiff's Response does not rebut Defendants' arguments relating to four of the five *Ehrenhaus* factors. [*See generally* Dkt. 109]. To the extent Plaintiff puts forth reasons justifying his failure to prosecute, these reasons speak only to his culpability and do not adequately rebut Defendants' arguments (discussed next).

---

[1] District Courts ordinarily consider a non-exhaustive list of factors in determining whether to dismiss an action under Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

### B. Plaintiff's Response Does Not Rebut Defendants' Arguments Regarding Culpability.

#### 1. Plaintiff minimally justifies his failure to prosecute before being incarcerated.

Plaintiff dedicates only one sentence in his Response to addressing the period before he was incarcerated. [Dkt. 109, p. 1]. This sentence does not explain Plaintiff's omissions in the Proposed Scheduling Order, nor does it reconcile Plaintiff's claim that he "never received anything" at the Oneida address prior to May 5, 2022, with the record which clearly shows Defendants sending three sets of written discovery to that address during that period. [Dkt. 86; Dkt. 69, pp. 6-21].

Accepting as true Plaintiff's assertion that he "was homeless, without access to an internet device, hospitalized multiple times, and without permanent address from January 2022-April of 2022," this does not justify Plaintiff's failure to provide essential information in the Proposed Scheduling Order. The Proposed Scheduling Order was to be submitted to the Court by December 23, 2022, before Plaintiff's asserted hardships. [Dkt. 65, p. 1]. Plaintiff failed to provide a statement of his claims, a computation of damages, and his planned depositions. [Dkt. 65, pp. 2-3, 6]. The Court then-noted that such deficiency "could bar any recovery of economic damages." [Dkt. 65, p. 11].

Additionally, it is worth clarifying that Plaintiff does not assert that he didn't receive discovery because of his hardships—instead, he broadly asserts that he "never received anything" at the Oneida address prior to May 5, 2022. This suggests that Plaintiff was able to check mail at the address during this period. However, his alleged non-receipt of three sets of written discovery

3

simply runs counter to the record, and Plaintiff has provided no explanation in an attempt to resolve this discrepancy.[2] [*See* Dkt. 69, pp. 6-21].

### 2. Plaintiff's untimely and incomplete discovery responses further speak to his continued culpability.

Plaintiff's recently-served discovery responses refuse to answer some questions, [Dkt. 110, pp. 5-7, #7, 8, 9, 11], and contain no materials responsive to Defendants' requests for production, [Dkt. 110, pp. 7-8]. In an attempt to justify this, Plaintiff reiterates that his car had been impounded and that it contained many of his documents. [*See* Dkt. 110, p. 7]. However, the Court has already responded to this justification:

> Mr. Camacho, it is your responsibility to maintain a copy of the records in your case. If in fact your records were lost due to your vehicle being impounded on December 22, 2021, you should have taken steps at that time to replace your records.

[Dkt. 106].

Plaintiff's discovery responses also indicate that he has since taken minimal steps in re-obtaining any relevant documents. While Plaintiff acknowledges that he has requested, "for the D.O.C. to medical department to provide [him] with an entire copy of [his] medical and mental health needs and treatment that has been provided up to this point," he uses the future tense in acknowledging that, "[i]t is a matter of re-obtaining and requesting it through the discovery/discovery subpoena process," and stating that he "will be requesting" documents from the Clear Creek County Sheriff's Department. [Dkt. 110, p. 7].

---

[2] Defendants reiterate that these three sets of discovery were sent to the address Plaintiff represented to them and the Court, and the lack of response to them served as the basis for a Motion to Compel.

Notably, Plaintiff appears to try and serve Defendants with requests for production and requests for admission in his discovery responses. [*See* Dkt. 110, pp. 7-9]. The discovery deadline was once-extended and passed over two and a half months ago, on August 2, 2022. [Dkt. 77]. Plaintiff made no effort to serve Defendants with discovery within that extended period.

Finally, Defendants note that Plaintiff's discovery responses were not timely served. Given the Court's extension, Plaintiff's responses were due by September 16, 2022. [*See* Dkt. 93, Dkt. 94]. His responses appear to have been mailed on October 12, 2022, nearly one month late. [Dkt. 110]. Plaintiff's refusal to answer questions, his lack of effort toward obtaining the requested documents, and his untimely service of responses all demonstrate his continued culpability and support his failure to prosecute.

### C. Plaintiff's incomplete discovery responses further support dismissal under *Ehrenhaus*.

At this time, Defendants anticipate that they will need to file a motion to compel Plaintiff to provide complete discovery responses and to produce documents, as well as a motion to amend the scheduling order for a fourth time. This will require defense counsel to spend additional hours drafting said motions and providing updates to their clients. Consequently, Defendants may be forced to incur further costs that would be unnecessary but-for Plaintiff's continued failure to prosecute.

As Plaintiff's incomplete discovery responses will likely lead to further motions and further orders from this Court, Plaintiff's failure to prosecute also continues to interfere with the judicial process.

**WHEREFORE,** Defendants respectfully request this Court dismiss with prejudice Plaintiff's remaining claims against Defendants Cordova, Buen, Smith, and Dibiase given Plaintiff's failure to prosecute.

Respectfully submitted,

/s/ Eric M. Ziporin
**Eric M. Ziporin**

/s/ Justin A. Twardowski
**Justin A. Twardowski**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210

*Attorney for Defendants Cordova, Buen, Dibiase, and Smith*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of October, 2022, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' REPLY IN SUPPORT OF DISMISSAL DUE TO PLAINTIFF'S FAILURE TO PROSECUTE** with the Clerk of Court using the CM/ECF system. I further certify that I mailed said document to the following non-CM/ECF participant by U.S. Mail, first class postage prepaid:

Manuel A. Camacho *via* U.S. Mail
5904 Oneida Street
Commerce City, CO 80022

Manuel A. Camacho *via* U.S. Mail
Register No. 69393
Unit: C-2L-2
Box No. 300
Canon City, CO 81215

Email: Mannylove303@gmail.com *via* email


s/ Barbara A. Ortell
Barbara A. Ortell
Legal Secretary

02124101.DOCX