IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

    Plaintiff,

v.

JACOB CORDOVA, Deputy,
ANDRES BUEN, Deputy,
NICK DIBIASI, Deputy,
JEFFREY SMITH, Captain, and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

    Defendants.

---

## ORDER on PENDING MOTIONS

---

Plaintiff moves for appointment of counsel.  ECF No. 83.  Defendants move to dismiss for failure to prosecute.  ECF No. 100.

## BACKGROUND

Manuel Alejandro Camacho was an inmate in the Weld County Jail when he filed this lawsuit pro se on December 17, 2020.  Later he was transferred to the Centennial South Correctional Facility of the Colorado Department of Corrections.  Later yet he was released.  However, in his recent filings he indicates that his address is "DOC #69393, P.O. Box 300, Cañon City, CO 81215."

Briefly, Mr. Camacho complains that the individual defendants violated his constitutional rights when they applied excessive force during an incident on May 15, 2019, when he was in the Clear Creek County jail in Georgetown, Colorado.  He further complains that the Clear Creek County Sheriff's Office failed to train the individual defendants properly, resulting in their application of excessive force.

The defendants moved to dismiss based on qualified immunity and, alternatively, for summary judgment based on failure to exhaust administrative remedies.  ECF No. 50.  On referral from this Court, Magistrate Judge Crews recommended that the motion to dismiss be granted as to the claims against the deputies in their official capacities and against the Sheriff's Office, but that it be denied as to the claims against the deputies in their individual capacities, largely due to defendants' failure to develop their qualified immunity arguments and failure to comply with the Court's practice standard regarding motions for summary judgment.  ECF No. 61 at 2, 8-9.  The Court accepted the recommendation.  ECF No. 62.

The Court then issued a Scheduling Order that included a deadline to amend pleadings of February 7, 2022; a deadline for plaintiff to disclose experts by March 4, 2022 and defendant to disclose experts by April 8, 2022; discovery cutoff of June 3, 2022; and a dispositive motions deadline of July 8, 2022.  ECF No. 65 at 5.  The Court set the case for trial beginning February 27, 2023, with a trial preparation conference on February 10, 2023.  ESCF No. 66.

Thereafter began the torturous process of getting the plaintiff to respond to discovery. On April 14, 2022, defendants filed a motion to compel indicating that plaintiff's responses to interrogatories, requests for production of documents, and requests for admission were due by March 11, 2022, but no responses had been filed.  ECF No. 69.  Copies of the interrogatories and

requests were attached as were copies of two letters reminding plaintiff of the discovery and his obligation to respond.  ECF Nos. 69-1 and 69-2.  Defendants also stated that counsel's efforts to confer with the plaintiff had been unsuccessful.  ECF No. 69 at 1-2.

Magistrate Judge Crews granted the motion to compel and ordered him to respond to the discovery by July 7, 2022.  ECF No. 76.  Judge Crews warned that failure to comply might result in dismissal of the case for failure to prosecute.  *Id.*  Plaintiff did not respond to the discovery, notwithstanding the magistrate judge's warning.  *See* ECF No. 85 (defendants' notice of non-compliance).  In what perhaps amounted to a response, plaintiff filed a letter on July 28, 2022, in which he stated that all his "legal documents" were lost when his vehicle in which they were stored was impounded eight months earlier, and that he had again been incarcerated with "little to no access to legal materials;' but that he was not giving up on the case.  ECF No. 86.  He added, apparently in response to the complaint that he had not responded to discovery, that he hadn't received defendants' filings because they were not properly labeled.  *Id.*

The Court sua sponte granted plaintiff an additional 24 days (to August 25, 2022) to respond to discovery and directed defendants to re-serve the discovery on plaintiff.  ECF No. 87.  They did so.  *See* ECF No. 88.  On August 10, 2022 the Court received a letter from the plaintiff requesting the pro se prisoner's handbook and the district's rules of practice.  ECF No. 91.  The Court responded with information as to how to obtain assistance as a pro se litigant.  ECF No. 92.  But on August 24, 2022, the day before the extended deadline to respond to discovery, plaintiff filed a motion for another extension, this time for 21 days, reiterating problems receiving mail and access to the law library.  ECF No. 93.  The Court granted another extension.

On September 22, 2022 defendants filed a notice of their re-service of discovery on August 2, 2022 (two both the prison address and another address plaintiff had provided). They described their latest effort as the fourth time they had served the discovery, or attempted to serve it, on plaintiff. However, with the most recent extension the responses were due on September 16, 2022, but still no responses had been provided. ECF No. 99. On October 4, 2022 defendants filed the pending motion to dismiss for failure to prosecute. ECF No. 100.

On October 5, 2022 the Court issued an order requiring plaintiff to show cause on or before October 24, 2022 as to why the case should not be dismissed without prejudice for failure to prosecute. ECF No. 103. Plaintiff requested the "loan" of the entire record of this case, again noting the loss of his documents when his vehicle was impounded, and yet another extension of time to respond to discovery. ECF Nos. 104 and 105. The Court ordered defendants to provide plaintiff with another copy of plaintiff's amended complaint, the order on defendants' motion to dismiss, defendant's answer, and the order setting the trial date. The Court did not grant a further extension of the discovery deadline. ECF Nos. 106 and 107. Defendants sent plaintiff the additional materials as directed. ECF No. 108.

On October 17, 2022, plaintiff filed a response to the motion to dismiss for failure to prosecute and, finally, a response to defendants' discovery. ECF Nos. 109 and 110. He also added some requests for admission directed to the defendants. ECF No. 110 at 8-9. On October 21, 2022, defendants filed a reply in support of their motion to dismiss for failure to prosecute. ECF No. 111. They assert that plaintiff has not responded to four of the five "*Ehrenhaus* factors*." More specifically, they argue that plaintiff has not satisfactorily explained why he was so delinquent in responding to discovery; that his responses, once provided, were incomplete,

mainly because he produced no documents and has made minimal efforts to obtain relevant documents; and that plaintiff's attempt to serve discovery responses on defendants is untimely. ECF No. 111.

## DISCUSSION

The effort to get plaintiff to respond to discovery has been frustrating for the Court and even more so for the defendants. An incarcerated inmate undoubtedly has greater difficulty obtaining documents, and his explanation that some of his copies of some relevant documents (never identified) were lost when his vehicle was impounded is plausible. That does not fully explain why he could not timely respond to at least some of the interrogatories. After all, he filed the lawsuit and has, at a minimum, the obligation to explain the factual allegations he has made and to identify what evidence he has to support his claims.

However, although it has been like pulling teeth, he has finally responded to the discovery. His answers to the interrogatories may not be complete. The damages he claims to be seeking are unreasonably large numbers that he has no realistic way to support. But incomplete discovery responses are not the same problem as a failure to respond. They do not justify dismissal of the case at this time.

Perhaps sensing that, defendants focus on plaintiff's failure to produce documents of the medical care he claims to have received for the effects of the alleged excessive force incident. But realistically, plaintiff is not in a position to obtain some of those records. Rather, if he provides releases to the defendants so that they can obtain medical and employment records – something that he apparently has not done to date – then they can obtain the records that way. If there is a video of the incident, then defendants can obtain the video, either directly or by

subpoena.  Of course, if plaintiff doesn't have the records or the video, it will be much more difficult for him to prove a case or obtain any damages.  However, that is his problem.

Had he not responded to the discovery, this Court would absolutely have dismissed the case for failure to prosecute.  However, after a series of somewhat lame excuses, he did respond. And, given the denial of defendants' motion to dismiss and the floundering manner in which plaintiff is attempting to prosecute this excessive force case, the Court will withdraw the reference of his motion for appointment of counsel and grant the motion.  This is <u>not</u> a guarantee that counsel will be found.  There is no provision in the law for the appointment of counsel at taxpayer expense in civil cases.  The Clerk's Office will make a reasonable effort to find a volunteer lawyer who will take the case without charging plaintiff a fee.  If no volunteer steps forward within a reasonable time, so be it.

## ORDER

1.  The Court's reference of plaintiff's motion for appointment of counsel, ECF No. 83, to the magistrate judge is withdrawn.  The motion is GRANTED.  This only means that the Clerk will make a reasonable effort to locate a volunteer lawyer who will take the case without charge, not that a volunteer lawyer will necessarily be found.

2.  Defendants' motion to dismiss the case without prejudice for failure to prosecute, ECF No. 100, is DENIED.

3.  Plaintiff's purported requests for admission contained in his discovery responses, ECF No. 110 at 8-9, are stricken as untimely.  The deadline for plaintiff to obtain discovery expired long before those requests were served.

DATED this 25th day of October, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge