**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03691-RBJ-SKC

MANUEL ALEJANDRO CAMACHO,

      Plaintiff,

v.

CORDOVA, Deputy;
BUEN, Deputy;
DIBIASI, Deputy;
SMITH, Captain; and
CLEAR CREEK COUNTY SHERIFF'S OFFICE,

      Defendants.

---

## DECLARATION OF CAPTAIN JEFF SMITH

---

Declarant, **CAPTAIN JEFF SMITH**, states as follows:

1.     At all times pertinent to this action, I was employed at the Clear Creek County Detention Center as a Captain. I have held this position since December 2014. I have personal knowledge of the matters set forth below.

2.     At the Clear Creek County Detention Center, we had a policy in place whereby a detainee or inmate who is being transported is first patted down and then placed in a set of attached wrist and ankle restraints. The restraint apparatus consists of two sets of cuffs, connected by a length of chain.

3.     On May 15, 2019, I was working at the Clear Creek County Detention Center.

**Exhibit E**

4.      That morning, I observed Deputies Andrew Buen, Jacob Cordova, and Nick Dibiase attempting to restrain Manuel Camacho with the WRAP restraint system, after Mr. Camacho was already on the ground. I observed Mr. Camacho to be verbally difficult toward the deputies, at times egging them on. He appeared to be combative and resisted deputies attempts to move him. Mr. Camacho did not comply with deputies' orders.

5.      Deputies Buen, Cordova, and Dibiase deployed the WRAP system to ensure his safety, as well as their own, by utilizing the system's leg restraints and helmet. I also observed deputies handcuff Mr. Camacho behind his back, with double cuffs, and place him in the WRAP restraint chair until such time as he would either calm down or be safely moved to lockdown.

6.      The Clear Creek County Detention Center is a small facility, and altercations with inmates or detainees present a substantial threat. At the time of this altercation, one other inmate had been in the same area as Mr. Camacho, and this situation could have been much worse had the other inmate participated or had either of them attempted to disarm one of the deputies.

7.      At no time did I place my hands on Mr. Camacho or use any force against him.

8.      At no time did I observe anything that I could construe as excessive, given Mr. Camacho's combativeness, non-compliance, and resistance.

9.      Based on my review of Mr. Camacho's inmate file, Manuel Camacho was a pretrial detainee awaiting trial and sentencing while he was at the Clear Creek County Detention Center.

**VERIFICATION**

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the _____3rd_____ day of ___Nov_____, 20_22_ .

At ___Thorton_____ (city), Colorado.

SIGNED:

_____

Name: JEFF SMITH